### JEWELL *v.* MARTIN *et al.*

A motion to set aside a judgment must disclose that the movant had a meritorious defense; and the facts constituting such defense must be distinctly averred. Where movant alleged that the petition in the case which resulted in the verdict and judgment sought to be set aside was lost, and that he was unable to attach a copy or state in substance the contents of the lost declaration, the court was unable to determine whether the demurrer and pleas referred to in the motion constituted a meritorious defense, and there was no error in sustaining a demurrer to the motion to set aside, pointing out this defect.

Argued October 29,—Decided November 12, 1904.

Motion to set aside judgment. Before Judge Kimsey. Dawson superior court. February 9, 1904.

*Hubert Estes* and *Parks & Gaillard*, for plaintiff in error.
*George K. Looper*, contra.

EVANS, J. There was pending in Dawson superior court a certain case in which J. E. Martin was plaintiff and C. S. Jewell, W. J. Taylor, and J. E. Murphy were defendants. At the February term, 1903, of that court a verdict and decree in favor of the plaintiff were rendered. Subsequently C. S. Jewell presented

to the court a motion to set aside this verdict and decree and to reinstate the case, upon the ground that his sole counsel was absent from the court by express leave of the court, granted for providential cause; for the reason that the judgment was void, in that it was not authorized by the pleadings; because the verdict and judgment were rendered before disposing of a demurrer which movant had filed to the plaintiff's petition; and because the verdict was inequitable. The motion to set aside alleged that the original petition upon which the verdict and judgment were rendered had been lost, and that movant was unable either to attach a copy of the same to his motion or to give the substance of the petition; that he had filed a demurrer thereto, and had also filed pleas which set up a good defense to the action. Copies were not attached to the motion, but reference was prayed to the originals of file in the clerk's office. The motion also set forth certain allegations of fraud on the part of counsel for the plaintiff, whereby movant was deprived of the services of an attorney to whom he had spoken and who would have represented him at the trial if counsel for the plaintiff had not violated an agreement to notify this attorney and deliver to him certain papers entrusted to counsel by the attorney of defendant Jewell, who had procured a leave of absence.

The plaintiff in the original suit demurred to the sufficiency of the grounds of this motion to set aside the verdict and judgment, and also filed an answer denying the essential allegations of fraud therein contained, upon which the movant based his right to have the verdict and judgment vacated. This motion came on to be heard at the February term, 1904, of Dawson superior court, and after argument the demurrer to the motion was sustained. Movant excepts to this judgment sustaining the demurrer to his motion.

One of the essential allegations of a motion to set aside a judgment is that the movant had a meritorious defense; and the facts constituting such defense must be set forth distinctly. *Phillips* v. *Taber*, 83 *Ga.* 572, and cit. The court was unable to determine this question from the allegations of the motion, for the reason that the petition in the original suit was neither attached to nor its contents set forth substantially in the motion. While the court sustained the demurrer generally, if the motion was fatal in

any particular, the judgment will be upheld. We will assume that the court was unable to determine from the pleadings whether or not the defendant had a meritorious defense. The court was necessarily unable to do so, because it did not have before it a complete record of the case, including the lost petition. It was the duty of the movant, if he could not procure a copy of this petition, to at least undertake to state in his motion the substance and effect of the allegations of the petition, and to clearly set forth the nature and character of the action brought against him. In the absence of these essential averments, his demurrer and pleas would be unintelligible. The office of the demurrer was to point out defects in the petition; the answer was, or should have been, responsive to the petition; but unless the entire record was before the court, the judge would be unable to determine, unaided by the petition, whether either the demurrer or the pleas constituted a meritorious defense. It is not requiring too much of the movant to place upon him the duty of setting forth in substance the contents of the lost petition, even though he may not have been in any wise responsible for its loss. He had been served with a copy of it, had prepared to meet the allegations of it by filing a demurrer and an answer, and it is to be presumed that he had at least a general knowledge of the character of the suit. It being incumbent upon him to show to the court good and sufficient reasons why the verdict and judgment should be set aside, his failure in this respect authorized the court to conclude that his defense was not meritorious; and that accordingly the verdict and judgment should be allowed to stand.

*Judgment affirmed. All the Justices concur.*