HANLEITER *v.* SPEARMAN *et al.*

No. 15355. JANUARY 16, 1946.

*George W. Westmoreland* and *Erwin & Nix,* for plaintiff.

*H. O. Godwin* and *Orrin Roberts,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) Equity cases shall be tried in the county where a defendant against whom substantial relief is prayed resides. Code, § 2-4303. All suits respecting title to land shall be tried in the superior court of the county wherein the land lies. Section 3-203. One test as

to whether a suit to recover land is simply one of ejectment, and is a case "respecting title to land," is whether the plaintiff can recover on his title alone, or whether he must ask the aid of a court of equity in order to recover. If the allegations are sufficient to show that the plaintiff can recover on his title alone without the aid of a court of equity, the case is one of ejectment or complaint for land. But if this is not the case, and equitable aid is necessary and asked, the petition is equitable in character. The equitable relief sought against both of the defendants in the instant case is a decree setting aside a judgment, rendered in 1933, probating the will of Mrs. Victoria V. Hanson, who died in Morgan County, under which judgment one of the defendants received 500 acres of the land here sought to be recovered; and also, to cancel a deed, dated January 18, 1935, from W. B. Spearman, administrator with the will annexed of Mrs. Victoria V. Hanson, to Jessie V. Sheppard, conveying 972 acres of the land now claimed by the plaintiff, and a deed, from Jessie V. Sheppard to W. B. Spearman, reconveying the same land, dated "immediately" after the deed from Spearman, administrator, to Sheppard. Such equitable relief must necessarily be accorded before the plaintiff can recover the described land, and a right to maintain his case for that purpose is necessary to give the Superior Court of Walton County jurisdiction. The suit to this extent was equitable in character and was properly brought in the Superior Court of Walton County, regardless of whether or not the additional prayer for a decree of title was properly addressed to that court.

(a) The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the opposite party. Code, § 37-219. Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it, by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part. Section 37-220. There is attached to the plaintiff's petition a copy of the will of Mrs. Victoria V. Hanson, dated June 21, 1909, which was filed for probate in 1913, and finally probated in 1933; but no copy of the probate proceeding is attached, and nowhere in the petition are any facts alleged which would give a

court of equity any jurisdiction to set aside the judgment of probate. The only allegation attacking the validity of the judgment is that "the alleged probate grew out of a conspiracy between the defendants in order to endeavor to obtain color of title to the land hereinafter referred to." This averment, whether a mere conclusion or not, was insufficient to show any equitable reason why the judgment complained of should be set aside. The petition is wholly wanting in essential averments concerning the litigation which resulted in the judgment sought to be set aside. In fact, it can not be ascertained from the petition, or any exhibit, what court rendered the judgment, who the parties were, what issues were made, and what matters were finally adjudicated. Without these necessary averments, the court was utterly unable to determine whether or not the plaintiff had any sufficient cause for setting the judgment aside. The petition, so wanting in necessary allegations, presented no issue for determination with respect to the judgment complained of. It was, of course, incumbent on the plaintiff to show by proper pleadings some good and sufficient equitable reason why the judgment should be set aside, and his failure in this respect authorized the court to conclude that his claim was not meritorious. *Jewell* v. *Martin,* 121 *Ga.* 325 (48 S. E. 929). Moreover, had the petition contained the necessary averments to show a cause of action for setting aside the judgment in equity, this court has held, in *Crane* v. *Stratton,* 185 *Ga.* 234 (194 S. E. 182), that, where a complainant has negligently allowed three years to pass without seeking to set aside the judgment complained of, equity will grant no relief. From what has been said, the petition failed to state any cause of action for setting aside the judgment of probate, and the court did not err for this reason in sustaining the general demurrer.

(b) The unrecorded deed under which the plaintiff asserts title was more than 63 years old when this suit was filed. So far as the record shows, he was absent from the property from 1885 to 1941, which is more than half a century. No principle is more firmly imbedded in our equitable jurisprudence than that which requires a suitor who seeks equitable relief to move with diligence and without delay. Limitations of actions apply equally to courts of law and equity, but, in addition, the courts may impose an equitable bar whenever, from lapse of time and laches of the com-

296

plainant, it would be inequitable to allow a party to enforce his legal rights. Code, § 3-712. Equity follows the analogy of the law, and a plaintiff's right to cancel a cloud on his title will not be denied him when he applies within seven years after the assertion of the void title which is apparently good, and there are no special circumstances demanding an earlier application. *Knox* v. *Yow*, 91 *Ga.* 367 (5) (17 S. E. 654); *Pierce* v. *Middle Georgia Land & Lumber Co.*, 131 *Ga.* 99, 103 (61 S. E. 1114); *Whittle* v. *Nottingham*, 164 *Ga.* 155, 161 (138 S. E. 62); *Harris* v. *Neuman*, 179 *Ga.* 879, 883 (177 S. E. 698); *Stephens* v. *Walker*, 193 *Ga.* 330 (18 S. E. 2d, 537). Equity follows the law, and will never close her doors against the true owner of land seeking its recovery, when the complaint is made within a less time than that in which prescription could have ripened, and where no special circumstances appear demanding an earlier application. *Pierce* v. *Middle Georgia Land & Lumber Co.*, supra; *Stanley* v. *Reeves*, 149 *Ga.* 151, 154 (99 S. E. 376). The deeds sought to be canceled as a cloud on title being more than ten years old at the time suit was filed, the petition failed to state a cause of action for their cancellation, and the court did not err in sustaining the general demurrer for this reason.

The petition having failed to state a cause of action for any of the equitable relief prayed, the court did not err, for any reason assigned, in sustaining the general demurrer and dismissing the case.

*Judgment affirmed. All the Justices concur, except Jenkins, P. J., disqualified. Atkinson, J., concurs in the judgment.*