## 37880. SLUSSER v. WILLIAMS.

DECIDED OCTOBER 29, 1959.

600

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiff in error.

*Alvin L. Layne, J. Ellis Pope,* contra.

CARLISLE, Judge. It is contended by the plaintiff in error that this judgment was entered by the court in disregard of the pleadings before it and not in response to any prayer for relief filed by the defendant in error. This contention is without merit. Reasonably construed, in the light of all the pleadings in the case which were before the court at the time he entered the judgment, this order must be viewed as one granting the extraordinary motion for a new trial on the ground that the verdict was contrary to law and the principles of justice and equity because the verdict was illegally and fraudulently obtained by the plaintiff because no evidence at all was introduced by the plaintiff and because no evidence was introduced at the trial.

The grant or refusal of an extraordinary motion for new trial lies within the sound discretion of the trial judge. In the cases of extraordinary motions, the discretion of the judge is not unlike that in cases of motions made at the term to which the judgment complained of was entered. *O'Kelley* v. *Central of Georgia Ry. Co.,* 18 *Ga. App.* 412 (89 S. E. 428). This discretion must be exercised as to whether good reason is shown why the motion was not made during the term. Code § 70-303. In the instant case, it appears from the motion and from the affidavits attached as exhibits thereto, that the defendant in this case was served by the sheriff on September 30, 1958, at a time while the defendant was confined to bed as the result of injuries received in the collision for which he was being sued. The defendant averred in his affidavit that on account of the blow to his head he had lost his eyesight and was almost blind, and that at the time he was served it was impossible for him to concern himself with anything other than his physical condition, and that on account of these facts he was unable to think and actually knew nothing

whatsoever about the suit against him until on, or about, January 6, 1959, at which time he consulted the attorneys who now represent him. From the affidavit of the attorneys, it appears that the defendant was unable to tell them anything about his case when he came to them, and that it was necessary for them to search the court records in order to ascertain the status of the suit against the defendant; that nothing in the records indicated that no evidence had been introduced and that it was not until about April 24, 1959, that one of the attorneys representing the defendant chanced to have a conversation with one of the jurors who informed him then that no evidence had been introduced in the case, and that thereafter it was necessary that the affidavits of the other jurors be obtained before the motion for a new trial on this ground could be prepared. The motion was filed on May 12, 1959. As already stated, this motion was subsequently amended and in the amendment the defendant attached as exhibits affidavits of the sheriff, deputy sheriff and bailiff which showed substantially the same facts as shown by the affidavits of all the jurors, that is, that they were present in the courtroom on the day the verdict and judgment was rendered in the case, and that it was their recollection that no evidence was introduced by the plaintiff prior to the juror signing the verdict.

Assuming that the affidavits of the jurors attached as exhibits to the extraordinary motion for a new trial were not admissible under the rule prohibiting a juror from impeaching his verdict, a point which is unnecessary to decide, it is, nevertheless, apparent from the affidavits of the sheriff, deputy sheriff and bailiff that they were present in the courtroom when the verdict and judgment were taken in this case, and that they recall that no evidence was introduced. It is true that counsel for the plaintiff traversed the allegations of the motion with respect to whether evidence was introduced, but as shown by the order the trial judge heard the argument of counsel with respect to this question and was authorized to act in deciding the question not only on the affidavits submitted by the defendant, but, also, on any other evidence before him, including his own personal recollection as to what transpired on the trial of the case. Having found, after hearing argument and considering the affidavits, that no tes-

timony was offered, this court cannot say that the trial judge abused his discretion in making that finding. Having so found that the default verdict and judgment was utterly void, the trial judge properly vacated the same. Ga. L. 1953, Nov. Sess., pp. 440, 451-452 (Code, Ann., § 110-401).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*