38131.   GREEN *v.* BLANKINSHIP.

TOWNSEND, Judge.   1. The general rule is that the trial court cannot, after the term at which a judgment or order is entered, set aside, alter, amend, or revoke its final judgment or order except for defects appearing on the face of the record.

*American Mut. Liability Ins. Co.* v. *Satterfield,* **88** *Ga. App.* 395 (2) (76 S. E. 2d 730) and citations.

2. One exception to the above rule is that a party can make a motion to reinstate a case after the expiration of the term at which the order of dismissal was entered, when he can make the same excuses for delay as must be shown in making an extraordinary motion for a new trial. *Miraglia* v. *Bryson,* 152 *Ga.* 828 (3a) (111 S. E. 655). On consideration of such a motion it will take the strongest of cases to support the action of the trial judge, who has dismissed the defendant's answer and thereafter entered up default judgment in favor of the plaintiff, in granting the defendant's motion made some six weeks after the entry of the judgment and at a subsequent term of court, to set aside the judgment, allow the defendant to replead and thus reinstate the case as to the defendant.

3. Such a case is made out here for the reason that the motion to set aside the judgment and reinstate the case and the order of the trial court thereon set out facts supported by affidavits which, if true, conclusively show that the defendant was deprived of his day in court, that the judgment against him is contrary to law, and that the defendant was not guilty of laches but brought the facts to the attention of the court immediately upon discovering them. It appears that the defendant was sued on a promissory note and answered that he owed the plaintiff nothing; that when the case was called for trial the defendant sat in the rear of the courtroom and did not hear the discussion between his attorney, the attorney for the plaintiff, and the court; that the plaintiff's attorney moved to dismiss the answer; that on being offered an opportuntiy to amend by the court the defendant's counsel sat mute; that the court at the time expressed concern to the plaintiff's counsel as to the mental and physical condition of the defendant's counsel, but in the absence of a reply from the defendant's counsel he granted the motion and entered up a default judgment; that in the court's opinion the defendant's counsel was not at the time mentally or physically competent to make an appearance; that the defendant did not know and was not informed that a judgment was entered against him; that he had a complete defense in that he had paid the full amount of the note to the plaintiff's partner and had receipts for such payments which he had shown his attorney at the time. Immediately upon discovering the existence of the judgment the defendant

employed other counsel, who obtained an affidavit from the original attorney in which he admitted to advanced age and incompetence and that he had in effect virtually ceased the practice of law at the time he agreed to handle this case, and which further stated that the deponent had been ill for several months; that his ability to reason had been affected, that he was not aware of what took place in the courtroom at the hearing and did not know judgment was being entered against his client, and that the defendant did not and could not have known these facts at the time. An affidavit of the plaintiff's partner substantiates the allegation that the defendant paid the debt in full by means of five instalments, that he received the receipts attached to the motion, and that the money was turned over to the plaintiff who was thus paid in full before this action was brought.

The allegations, the statements of the trial judge, and the affidavit of the defendant's original counsel make the strongest possible showing that on the day in question the mental incompetence of the attorney which resulted from a combination of the infirmities of age with acute illness resulted in depriving the defendant, through no fault of his own, of his day in court. The latter acted promptly on discovery of the facts, and cannot be charged with negligence in failure to make such discovery earlier. His defense, if substantiated, is complete. Under these circumstances it is proper to apply the same rules as those governing extraordinary motions for a new trial. See also to this effect *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 (127 S. E. 229).

The trial court did not err in setting aside the default judgment and reinstating the case.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 11, 1960—REHEARING DENIED
MARCH 9, 1960.

*Frank P. Lappas, Harold H. Clokey, Jr.,* for plaintiff in error. *Howard & Malcolm, J. B. Malcolm, Jr.,* contra.