21595. RUSSELL *et al.* v. HOGE *et al.*

ARGUED APRIL 10, 1962—DECIDED APRIL 20, 1962—
REHEARING DENIED MAY 7, 1962.

*James H. Neal, Joseph B. Kilbride,* for plaintiffs in error.

*Albert Wallace,* contra.

ALMAND, Justice. Owen Russell and Barbara Ann Russell filed a petition against Mrs. Barbara H. Hoge and Robert K. Broome seeking to have the judgment as rendered in Case No. 28571, Superior Court of DeKalb County, set aside on the ground that fraud was used to obtain the judgment, and to have the sheriff enjoined from selling certain property levied on to satisfy the judgment. Mrs. Hoge moved to dismiss the petition as amended on the ground that it set forth no cause of action against the defendants. The trial court sustained the motion. To this ruling the plaintiff excepts, and assigns same as error.

"Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." *Code* § 37-220. From the foregoing Code section and the rulings by this court in *Farmers & Exchange Bank v. Ruse, Patten & Co.,* 27 Ga. 391, 394; *Roberts v. Moore,* 113 Ga. 170 (38 SE 402); and *Felker v. Johnson,* 189 Ga. 797 (6) (7 SE2d 668), it is clear that two things are required to constitute a meritorious bill in equity to set aside a judgment rendered in a court of law having jurisdiction on account of accident, mistake or fraud: first, that the complainant had a good defense to the action at law; and secondly, that the failure to make that defense was owing, not to any negligence or fault in the complainant, but to fault in the defendants or their attorney. While in the case sub judice there is an allegation, ". . . in the event the said judgment is set aside that they have a valid and legal defense against said action," it has been held by this court that the facts constituting such defense must be set forth distinctly so that the court might

determine from the pleadings whether the defendant had a meritorious defense, and a failure to do so renders the petition subject to general demurrer. *Jewell v. Martin,* 121 Ga. 325, 326 (48 SE 929). The petition, failing to set forth these facts, must fall for that reason.

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*