## 48221. CAMP v. FIDELITY BANKERS LIFE INSURANCE COMPANY.

CLARK, Judge. In this suit brought by the beneficiary under a life insurance policy the sole issue at the trial was the defense that the death was the result of suicide occurring within two years from the effective date of the policy. The answer by the insurer had acknowledged its liability in the words of its contract to be "limited to the amount of the premiums actually paid and the defendant has tendered the amount of such premiums to the plaintiff." During the trial the parties did not deal with the tender of premiums. The result was a verdict for the insurer upon which the court rendered its judgment with court costs being cast upon plaintiff. Plaintiff filed a notice of appeal which the court subsequently dismissed upon defendant's motion. Thereafter plaintiff filed a motion to set aside the judgment contending there was a non-amendable defect appearing in the pleadings. This was specifically based on the insurer having admitted liability for the amount of the premiums. Neither the verdict nor the judgment thereon made any reference to the premiums or the amount thereof but the insurer has through its counsel's brief renewed its offer to refund the premiums in full. The trial court's order denying the motion to set aside the judgment pointed out "this was an action to recover death benefits only and no demand for relief was made to recover the amount of premiums paid. . . and that the same was not a contested issue." (R. 51). This appeal is from that denial order. *Held:*

1. Code Ann. § 81A-160 sets forth the methods by which a party may obtain relief from a judgment. Paragraph (b) states "A judgment may be attacked by motion for new trial, motion to set aside, or by complaint in equity." Appellant chose the second mode but the principles applicable to the other two, a motion for a new trial and to equity, would be applicable when the ground for the attack was one that was known or could have been discovered by reasonable diligence. If appellant had filed a motion for new trial on this basis, he would have been precluded from raising such point. *Wimpy v. Gaskill,* 76 Ga. 41 (5); *Leathers v. Leathers,* 138 Ga. 740 (76 SE 44). Similarly a petition in equity would have been to no avail if he knew or should have in the exercise of reasonable diligence discovered this ground. *Hubbard v. Whatley,* 200 Ga. 751 (38 SE2d 738). This same diligence rule applies where appellant uses a motion to set aside the judgment

and he is precluded from using the ground which he had known or could have discovered through reasonable diligence.

2. Additionally, this case falls squarely within the doctrine that "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919); *Butts v. Davis,* 126 Ga. App. 311, 314 (190 SE2d 595). Appellant did not object to the case being tried on the real issue, suicide. He did not demand an alternative judgment for the premiums as permitted under Code Ann. § 81A-108 (a). Nor did he request the court before dispersal of the jury to correct the verdict to recognize the tender of premiums as contained in the defendant's answer which could have been done at that time. See *Denham v. Shellman Grain Elevator,* 123 Ga. App. 569 (181 SE2d 894). It is now too late. See *Phillips v. Bowen,* 206 Ga. 268 (1) (56 SE2d 503).

3. Does our court have the power to direct the trial court to enter a judgment whereby the plaintiff below may receive a refund of all premiums that were paid? The contract made this provision and the liability for such refund was acknowledged in defendant's answer. The insurance company has through its counsel's brief expressed the opinion that our court has "The power to order that a judgment be granted to the plaintiff for the amount of the premiums paid without granting a complete new trial on all issues involved in the former trial or on the issue of refund of premiums on which there is no dispute between the parties." We agree with this conclusion based upon Code § 6-1610 which states ". . . it shall be within the power of the appellate court to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case."

Furthermore, a precedent for our exercising this power is found in the early case of *Finley v. Southern R. Co.,* 5 Ga. App. 722 (64 SE 312). That decision discussed in detail the power given this court under the constitutional amendment which created it. It pointed out that within our jurisdiction we have the same powers as the Supreme Court. There are cited the previous cases in which this court had given direction concerning the proceedings in the lower court when the appellate court considered the direction "to be in conformity with the law or in the interest of justice." P. 724. Headnote 1 of that decision reads: "The Court of Appeals is clothed with power to direct any order necessary for the proper adjudication of a cause. It may give any direction to a cause pending in the court below, including the power of

directing a specific, final disposition of the case. But this power will not be exercised unless the discretion of the lower court has been improperly used or not exercised at all."

In the instant case we have the opportunity to comply with the mandate given us by our progenitors. We, therefore, direct that the trial court in rendering its judgment concluding the litigation expressly provided that the amount of the premiums paid be refunded to the insured. See also Code § 24-104 (6).

The direction given herein as to payment of premium refund, however, is not such substantial relief to appellant as to prevent liability for costs of court.

*Judgment affirmed with direction that the judgment terminating this case provide for defendant to make payment to plaintiff of the amount of the premiums paid to insurer under the contract. Hall, P. J., and Evans, J., concur.*

ARGUED MAY 30, 1973 — DECIDED SEPTEMBER 6, 1973.

*Kunes & Kunes, G. Gerald Kunes,* for appellant.
*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.