## 48617. RODRIGUEZ et al. v. NEWBY et al.

EBERHARDT, Presiding Judge. Mrs. Barbara Rodriguez and her minor daughter, Judy, brought suit against Mr. and Mrs. Conley Newby and Mrs. Doris Biddle, seeking to recover damages occasioned when a horse allegedly owned by the Newbys and being handled at the time by Mrs. Biddle kicked Judy in the stomach. The misfortune occurred on a Sunday afternoon when the plaintiffs and Mrs. Biddle were visiting the Newbys at their home, during which time the various parties, their children and relatives were engaged in playing, pony observing, coffee drinking, horseback riding, etc. It was alleged in the complaint that the injuries resulted from the concurrent negligence of the Newbys and Mrs. Biddle, who were sued jointly and severally.

At the close of plaintiff's evidence the trial court denied defendant Biddle's motion for directed verdict, but did grant directed verdicts in favor of defendants Newby. Plaintiffs, being dissatisfied, moved for and obtained a continuance of the case, which was still unresolved as to Mrs. Biddle, as well as a mistrial as to the empaneled jury, in order to appeal the direction of the verdict in the Newbys' favor. The various orders were reduced to writing and filed with the clerk, and plaintiffs appeal here from the following order: "On motion of counsel for the defendants, Conley P. Newby and Diane Newby, to direct a verdict in their favor, and after hearing argument of counsel, a verdict in favor of said defendants is hereby granted." The court did not enter judgment on the verdict thus directed, nor enter judgment pursuant to Code Ann. § 81A-154 (b), nor issue a certificate of immediate review. And, of course, the case is still pending below as to defendant Biddle. *Held:*

An appeal from a directed verdict or from an order sustaining a motion for directed verdict is not from a judgment, ruling or order entitling the taking of an appeal under Code Ann. § 6-701. "The judgment, and not the verdict, is the appealable decision."

*Herrington v. Herrington,* 230 Ga. 94 (195 SE2d 654). *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604); *Lane v. Morrison,* 226 Ga. 526 (175 SE2d 830); *Smith v. Sorrough,* 226 Ga. 744, 746 (177 SE2d 246); *Teppenpaw v. Blalock,* 121 Ga. App. 320 (173 SE2d 442), aff'd 226 Ga. 619 (176 SE2d 711); *Hollis v. Hollis,* 123 Ga. App. 476 (181 SE2d 521); *Allen v. Reynolds & Co.,* 123 Ga. App. 604 (181 SE2d 927).

Moreover, in the absence of an express determination by the court that there is no just reason for delay and an express direction for entry of judgment, no order or decision which adjudicates with respect to fewer than all the claims or all the parties is final or appealable. Code Ann. § 81A-154 (b); *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375); *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *Davis & Co. v. Plunkett,* 119 Ga. App. 453 (167 SE2d 663); *American Mut. Liab. Ins. Co. v. Moore,* 120 Ga. App. 624 (171 SE2d 751); *Residential Developments v. Dodd,* 122 Ga. App. 674 (178 SE2d 333); *White v. Wright,* 124 Ga. App. 151 (183 SE2d 90); *Parrish v. Clements,* 123 Ga. App. 495 (181 SE2d 510); *Givens v. Gray,* 124 Ga. App. 152 (183 SE2d 29); *Williams v. Horn,* 124 Ga. App. 485 (184 SE2d 198); *Horn v. Terminal Transport Co.,* 126 Ga. App. 169 (190 SE2d 158).

Since there is no appeal from a final, appealable judgment in the record and no certificate for immediate review as provided for by Code Ann. § 6-701 (a) 2, this appeal must be dismissed under authority of the above cases.

*Appeal dismissed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED OCTOBER 30, 1973.

*Frank M. Gleason,* for appellants.
*John E. Wiggins,* for appellees.