## 50672. PEACE OFFICERS' ANNUITY & BENEFIT FUND OF GEORGIA et al. v. BLOCKER et al.
## 50673. DEPARTMENT OF TRANSPORTION v. BLOCKER et al.

CLARK, Judge.

The County Commissioners of Long County, Ga. filed suit against Edna Bailey, administratrix of the estate of R. L. Bailey, and Pennsylvania Mutual Casualty Insurance Company, surety on a $10,000 fidelity bond for R. L. Bailey, alleging defendants were liable to the county in the amount of $14,200 for monies collected by R. L. Bailey in his capacity as clerk of the courts of Long County. Each defendant answered, denying any indebtedness to plaintiffs. Additionally, defendant bonding company cross claimed against defendant administratrix "for all sums which may be adjudged owing by this defendant to plaintiffs because R. L. Bailey was principal on the surety bond sued upon and the estate is liable for any sums for which surety might stand liable."

Thereafter, defendant bonding company interposed a counterclaim for interpleader alleging that the Department of Revenue, the Superior Court Clerks Retirement Fund, and the Peace Officers' Annuity and Benefit Fund claimed various sums of money under the bond. As stakeholder, therefore, defendant bonding company prayed that the parties making claim to the bond respond to its interpleader; that the court adjudge which of the parties was entitled to the monies provided by the bond; and that defendant bonding company "be permitted to pay into court $10,000.00 and thereupon be discharged from all liability under its bond covering R. L. Bailey, with reservation of rights in its cross-claim against defendant Mrs. Edna Bailey."

In response to defendant bonding company's prayers, the trial court required the claiming parties to set forth their respective claims and permitted defendant bonding company to pay the amount of the bond into court. The court first discharged defendant bonding company from further liability under the bond and permitted defendant bonding company "to reserve its rights on its crossclaim

against Mrs. Edna Bailey. . ."

After defendant bonding company placed the bond monies in the registry of the court, the Long County Commissioners as plaintiffs filed motion "to divide funds delivered to the clerk of said court by interpleader of the defendant, Pennsylvania National Insurance Group." Therein they asserted that a "final audit" showed R. L. Bailey owed Long County $2,984.92 and requested a fair distribution of the bond money to Long County. The motion was set down for a hearing and the court required all parties having a claim to the fund to file a claim thereto. Various claims were then filed including the claims of appellants (the two Funds) in case No. 50672 and the claim of appellant (D.O.T.) in case No. 50673.

Appellants in case No. 50672, the Peace Officers' Annuity and Benefit Fund and the Sheriffs' Retirement Fund, asserted their claims pursuant to Code Ann. § 78-909 (Ga. L. 1970, pp. 93, 94) and Code Ann. § 24-2810a (Ga. L. 1968, pp. 1203, 1207), respectively. Appellant in case No. 50673, the Department of Transportation, asserted its claim pursuant to Code Ann. § 68-9921 (Ga. L. 1964, pp. 476, 477).

In its order distributing the interpleader monies, the court ruled that appellants in case No. 50672 were entitled to priority with regard to the principal amount of their claims; but the court refused to consider the claims of these appellants for penalty and interest fees. With regard to appellant's claim in case No. 50673, the court ruled that appellant (D.O.T.) was not entitled to priority and that it would therefore receive approximately 46% of the amount which it requested. From these adverse rulings, appellants have taken these appeals.

The Civil Practice Act and the cases decided thereunder prevent us from dealing with the merits of the trial court's rulings. Section 54 (b) (Ga. L. 1966, pp. 609, 658, Code Ann. § 81A-154) provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and

upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.)

In the case at bar, the cross claim of the bonding company remains for decision and the court did not expressly direct the entry of judgment in conformance with Section 54 (b). Accordingly, in the absence of the requisite review certificate, these premature appeals must be dismissed. See *Butler Auction Co. v. Hosch,* 119 Ga. App. 562 (167 SE2d 684); *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *White v. Wright,* 124 Ga. App. 151 (183 SE2d 90); *Rodriguez v. Newby,* 130 Ga. App. 139 (202 SE2d 565), and cases cited therein; *Mulligan v. Scott,* 134 Ga. App. 815.

*Appeals dismissed with direction as stated in this opinion. Pannell, P. J., and Quillian, J., concur.*

ARGUED MAY 8, 1975 — DECIDED SEPTEMBER 3, 1975.

*Seay & Sims, Clifford Seay, Marshall R. Sims,* for appellants (case No. 50672).

*Arthur K. Bolton, Attorney General, Bruce M. Edenfield, Assistant Attorney General,* for appellant (case No. 50673).

*Richard S. Helm, Richard D. Phillips, Bouhan, Williams & Levy, Walter C. Hartridge, Thomas E. Dawson, Bruce M. Edenfield, Assistant Attorney General, Clifford Seay, Marshall R. Sims,* for appellees.

ON MOTION FOR REVISION.

Counsel for appellants in both cases have called to our attention that in the absence of a direction from this court the issues presented by these appeals will become moot upon distribution of the funds presently in the

treasury of the trial court. The Court of Appeals of Georgia has both inherent and express powers to prevent unjust results. ". . . [I]t shall be within the power of the appellate court to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case." Code § 6-1610. Precedents for our exercise of this power are found in many cases. See *Finley v. Sou. R. Co.,* 5 Ga. App. 722 (64 SE 312) and citations in *Camp v. Fidelity Bankers Life Ins. Co.,* 129 Ga. App. 590, 591 (3) (200 SE2d 332).

Accordingly the trial court is directed in the remittitur of this case to provide for a delay of the disbursement of the funds in the court treasury until a final order is entered which would dispose of all claims contained therein.