## 35818. BAXTER v. WEINER.

CLARKE, Justice.

Appellee Weiner brought a suit in equity to set aside a judgment rendered against him in DeKalb Superior Court. He asserts the judgment was the result of fraud practiced upon him by appellant Baxter in that Baxter is alleged to have falsely represented to Weiner that his suit for slander had been dismissed and would not be prosecuted to judgment.

Weiner had answered the original suit pro se and filed a counterclaim but made no appearance in court after the case appeared on the calendar published in the Decatur-DeKalb News legal review. At the first calendar call, Baxter announced ready, and on February 14, 1979, at a calendar call of active cases, Baxter again answered ready. There was still no appearance by Weiner. Upon motion by Baxter, the court struck Weiner's answer and counterclaim and granted Baxter a judgment as to liability. On February 23, 1979, the issue of damages was tried before a jury with Weiner still making no appearance. A verdict in favor of Baxter was

rendered in the amount of $50,000.

When Baxter attempted to satisfy the judgment by a garnishment proceeding, Weiner brought this equitable action on May 4, 1979, attacking the judgment. After hearing evidence, the court set aside the judgment as to damages and allowed the judgment as to liability to stand. This order was based on the finding that the jury verdict was excessive.

The right of a trial judge to grant one new trial on the general grounds is well recognized and accepted in Georgia. Code Ann. § 6-1608; *Rasmussen v. Martin,* 236 Ga. 267 (223 SE2d 663) (1976). A court order setting aside a judgment because of excessiveness of the verdict is in the nature of a grant of a new trial on the general grounds. A motion for new trial on the general grounds must be filed within thirty days of the rendition of the judgment. Code Ann. § 70-301. In this case, however, there was no motion for new trial. There was no allegation of excessiveness, no prayer on the issue of excessiveness and no evidence offered on this issue. This is an equitable action under Code Ann. § 81A-160 (e) and was brought more than thirty days after the rendition of the judgment being attacked. The only ground upon which Weiner sought relief was fraud and misrepresentation. In order to successfully attack a judgment in equity on the grounds of fraud, accident or mistake, petitioner must show that he has a good defense to the action at law and that the failure to make the defense was owing not to any negligence or fault of his own but to the fault of the defendants in equity or their attorney. *Russell v. Hoge,* 217 Ga. 814 (125 SE2d 648) (1962). No showing was made in this case as to the defense which might have been asserted in the slander action. The evidence was conflicting as to possible negligence on the part of Weiner.

In his order, the trial court made no finding of mistake, fraud or accident. Weiner made no showing as to a good defense. The finding of the trial court of excessive damages might have been a valid ground for a new trial under the provisions of Code Ann. § 81A-160 (c). This, however, is an equitable action under the provisions of Code Ann. § 81A-160 (e) and the general grounds are neither applicable nor timely in this instance.

*Judgment reversed. All the Justices concur, except Jordan, P. J., who concurs in the judgment only.*

SUBMITTED JANUARY 11, 1980 — DECIDED MAY 27, 1980 — REHEARING DENIED JUNE 17, 1980.

*Tauner, King & Cohen, Kevin S. King, Stanton J. Shapiro,*

*Janet L. Haynes,* for appellant.

*Smith, Longabaugh, Hendon, Boyce, Dickson & Bell, M. W. Hendon,* for appellee.