### 64022. McCULLOUGH v. MOLYNEAUX et al.

Shulman, Presiding Judge.

This is an appeal by appellant, plaintiff below, from the trial court's denial of her motion to reconsider its order granting summary judgments in favor of all defendants.

On June 15, 1981, appellees moved for summary judgment in this medical malpractice action. The motions for summary judgment were accompanied by a notice of motion stating that the motions would be heard on July 24, 1981, and addressed to "Edward J. Walsh, McReynolds, Walsh & Michaud, P. C., 1260 South Omni International, Atlanta, Georgia, 30303." The complaint in this action listed "McReynolds, Walsh & Michaud, P.C., Edward J. Walsh, Gail M. Payton, Attorneys for Plaintiff." Aside from the complaint, the only matter of record filed by plaintiff prior to the July 30, 1981, order granting appellees' motions consisted of a single document entitled "Plaintiff's Answers to Defendants' Interrogatories," which listed "McReynolds, Walsh & Michaud, P.C., Edward J. Walsh, Attorney at Law," as counsel for appellant. Appellant did not respond to the appellees' motions for summary judgment and did not appear at the hearing held on July 24, 1981. On the basis of appellant's failure to appear at the aforesaid hearing and failure otherwise to respond to appellees' motions, which were based on affidavits of the appellee-physicians alleging that the defendants acted with requisite skill and care in their contact with appellant, the trial court entered summary judgment in favor of appellees.

On August 21, 1981, appellant filed her motion for reconsideration in the trial court. The motion was accompanied by the affidavit of Guy G. Michaud. The affidavit stated that Mr. Walsh had recently left the firm, which became McReynolds & Michaud, P.C., and that when he left he took with him the service copy of the motions for summary judgment and supporting materials, although

the case actually remained with McReynolds & Michaud, P.C. The affidavit stated that the latter firm first received notice of the motions for summary judgment "in late July or early August [1981]." Appellant does not dispute the certificates of service on the motions nor the fact that the motions were actually received by Mr. Walsh. No notice of change or withdrawal of counsel was filed with the clerk of court prior to the entry of the order granting the summary judgments. Appellant does not contend that appellees had actual knowledge of any change of counsel prior to the entry of the summary judgments.

1. As appellant concedes in her brief, the motion for reconsideration actually sought relief from the summary judgments by requesting that they be set aside due to lack of notice. "[I]n classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." *Holloway v. Frey,* 130 Ga. App. 224 (3) (202 SE2d 845). Consequently we will treat appellant's motion in the trial court as a motion to set aside the summary judgments.

2. A trial court has wide discretion to vacate, set aside, or modify judgments rendered by it within the same term of court. *C & S Nat. Bank v. Burden,* 145 Ga. App. 402 (244 SE2d 244). There is no evidence in the record of this case regarding the terms of the trial court. Nevertheless, in the absence of a clear abuse of its discretion, this court will not reverse the trial court's refusal to set aside a judgment based on lack of notice. *Spyropoulos v. John Linard Estate,* 154 Ga. App. 200 (267 SE2d 796). Appellees and the court were entitled to rely upon notice given to appellant's counsel of record absent actual knowledge of a change in counsel. See *Corbin v. Goepper,* 184 Ga. 559 (192 SE 24). We find no abuse of discretion in this case.

3. A party may also seek to have a judgment set aside pursuant to Code Ann. § 81A-160. Appellant does not contend that the judgments challenged in this case are void on their face, and we find no facts that would support such a conclusion. Code Ann. § 81A-160 (a). Nor does appellant contend that a nonamendable defect appears on the face of the record under Code Ann. § 81A-160 (d). Likewise, we find no facts in the record of this case that would support such a conclusion, since notice of the motions was undeniably given to appellant's counsel of record and the motions and subsequent hearing appear to comport with Code Ann. § 81A-156.

Appellant does assert that her motion for reconsideration should be treated as a complaint in equity pursuant to Code Ann. § 81A-160 (e). Compare *Sellers v. Bell,* 151 Ga. App. 440 (260 SE2d 538) with *Holloway v. Frey,* supra, p. 228. Pretermitting the question of whether § 81A-160 (e) may be applied to a case in which the

requirements of § 81A-160 (f) have not been met, it is clear that § 81A-160 (e) is not applicable to this case. Despite appellant's assertion to the contrary, we find nothing in the record to indicate that appellant's counsel of record was not duly served with the motions at least 30 days prior to hearing. The record clearly establishes that appellant failed to respond to the motion or appear at the hearing. The affidavits submitted with the motion for reconsideration merely establish that the reason for the failure to respond or appear was a change of law firms by appellant's former lead counsel. Since notice of the hearing was given to appellant's counsel of record, and the failure to appear was due solely to a mistake on the part of appellant or her counsel, Code Ann. § 81A-160 (e) does not afford a basis for relief. See *Cooper v. Mesh,* 247 Ga. 82 (274 SE2d 335); *Baxter v. Weiner,* 246 Ga. 28 (268 SE2d 619).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*Thomas E. Maddox,* for appellant.
*Jerry Willis,* for appellees.