## 76824. MOORE v. BARFIELD.
(375 SE2d 623)

BENHAM, Judge.

This appeal raises the issue of what remedies are available to a party whose suit is dismissed because of the actions of that party's own attorney at a time when the attorney is ill.

Appellant was injured in a collision between her car and one driven by appellee. She employed an attorney named Jarnagin to represent her, and he filed suit on her behalf. Appellee was served on January 7, 1987, and answered on January 26, 1987, though he served appellant's attorney with interrogatories on January 21, 1987. On April 18, 1987, appellant spent some four hours entering answers to the interrogatories into her attorney's computer at his home. He did not tell her then, or thereafter, that the answers were already late or that there were any problems with the suit. On April 27, 1987, Jarnagin was served with a motion to compel discovery and to impose sanctions. That motion was supported by copies of appellee's attorney's letters to appellant's attorney seeking responses to the interrogatories. The office of the clerk of the trial court sent appellant's counsel a notice on June 2, 1987, that appellee's motion would be decided on the briefs since there had been no request for a hearing. Pursuant to the request therefor in appellee's motion, the trial court entered an order that was filed on June 19, 1987, dismissing appellant's complaint as a sanction for totally failing to answer the interrogatories. Jarnagin's former partner notified appellant by letter dated July 2,

1987, that her action had been dismissed. On the same day, that attorney filed a motion in the trial court seeking to set aside the judgment. The motion was accompanied by an affidavit from a psychiatrist who averred that he had treated Jarnagin for depression, and that the depression was characterized by an inability to work. In further support of her motion, appellant swore that she stayed in contact with her attorney throughout his employment and that he assured her on every occasion that her suit was progressing appropriately. Jarnagin's former partner also swore that he was aware of Jarnagin's personal and professional problems; that after they dissolved their partnership, they continued to share office space, but that Jarnagin had come to the office less and less; and that Jarnagin had eventually left and he did not know Jarnagin's present whereabouts.

Noting that the motion to set aside was filed outside the term in which the dismissal was filed, the trial judge stated that she had no discretion to exercise in setting aside the judgment, and entered an order denying appellant's motion. This appeal followed our order granting appellant's application for discretionary appeal.

1. In her first enumeration of error, appellant contends that Jarnagin's repeated assurances that the case was progressing appropriately when, in fact, it was foundering, was such a fraud as would authorize setting aside the dismissal under OCGA § 9-11-60 (d) (2). That argument is controlled adversely to appellant by *Marsh v. Way*, 256 Ga. 46, 48 (343 SE2d 686) (1986), in which the Supreme Court held that the fraud which will justify setting aside a judgment is that of the other side of the suit. The first enumeration of error is without merit.

2. Appellant's second enumeration, directed to the trial court's rejection of appellant's assertion that her attorney's failure to comply with the discovery request was an accident or mistake within the meaning of OCGA § 9-11-60 (d) (2), is equally without merit. This court has held that an "accident" is an event which is not proximately caused by negligence, but arises from an unforeseen or unexplained cause. *Chadwick v. Miller*, 169 Ga. App. 338 (1) (312 SE2d 835) (1983). Since the failure to file answers to appellee's interrogatories is not unexplained and, from the record in this case, appears to have as its cause Jarnagin's neglect of appellant's suit, that ground is not available to appellant. Similarly, since the mistake here is one by appellant's own attorney, that ground will not serve to authorize setting aside the judgment under OCGA § 9-11-60 (d) (2). *McCullough v. Molyneaux*, 163 Ga. App. 352 (3) (294 SE2d 560) (1982).

3. In her fourth and sixth enumerations of error, appellant complains of the entry of the order dismissing her suit without a hearing and of the failure of the trial court to hold a hearing on the issue of the attorney fees sought by appellee in his motion for sanctions. As

with the other problems in this case, it is clear that it was because of appellant's attorney's default that she did not have an opportunity to appear before the trial court prior to the dismissal of her suit. Appropriate service of the motion was made by mail on appellant's attorney of record, and notice was given under USC Rule 6.3 that the motion would be decided on the briefs. Since no attorney fees were awarded to appellee, there was no reason to conduct a hearing on that issue.

4. The fifth error which appellant asserts was committed below is premised on Jarnagin's violation of his ethical responsibilities to her. Appellant contends that Jarnagin's conduct constituted abandonment of her cause, leaving her unrepresented. That being so, she contends that service on Jarnagin was not sufficient and that the motion which led to dismissal and the order of dismissal itself should have been served on her directly. Since, as appellee points out, neither appellee nor the trial court had any way to know that Jarnagin was not performing as he should have, and he remained attorney of record until after the dismissal, appellant's asserted rights as a pro se litigant never arose. We find no merit in this enumeration of error.

5. One of the grounds raised by appellant in the trial court was the mental incompetency of her attorney. In support of that ground, she cited *Green v. Blankinship*, 101 Ga. App. 257 (113 SE2d 503) (1960). There, a defendant's attorney sat mute in the courtroom while opposing counsel took a judgment. The defendant moved out-of-term for the judgment to be set aside, and the trial court did so. On appeal, in affirming the order setting aside the judgment, this court held that the rule that a trial court cannot, after the term at which an order is entered, set aside the order except for defects appearing on the face of the record, has an exception: when the party can make the same excuses for delay that must be shown in making an extraordinary motion for new trial, it is proper to apply the same rules that apply to such a motion.

"The grant or refusal of an extraordinary motion for new trial lies within the sound discretion of the trial judge. In the cases of extraordinary motions, the discretion of the judge is not unlike that in cases of motions made at the term to which the judgment complained of was entered. [Cit.] This discretion must be exercised as to whether good reason is shown why the motion was not made during the term. [Cit.]" *Slusser v. Williams*, 100 Ga. App. 599, 601 (112 SE2d 7) (1959). Here, as in *Green*, the movant showed that she was deprived of her day in court, that she had a meritorious case, and that she brought the facts to the court's attention immediately upon discovering them. We hold, therefore, that the trial court in this case should have followed *Green* and, applying to appellant's motion the rules applicable to an extraordinary motion for new trial, exercised discretion. We do not imply by our holding that the trial court should set aside

the judgment against appellant, only that appellant has made a sufficient showing to invoke the discretion of the trial court concerning whether that showing warrants setting aside the judgment.

Where, as here, a trial court erroneously fails to exercise its discretion, the proper remedy is to reverse the judgment and remand the case to the trial court for the exercise of its discretion. *Spyropolous v. John Linard Estate*, 243 Ga. 518 (255 SE2d 40) (1979).

*Judgment reversed and case remanded. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 1, 1988 —
REHEARING DENIED NOVEMBER 21, 1988 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Robert L. Herman, David A. Sleppy*, for appellant.
*Harper & Cooper, Gary M. Cooper*, for appellee.