### A91A0905. SMITH v. MANNS et al.
(409 SE2d 270)

SOGNIER, Chief Judge.

Gregory and Thelma Manns brought suit against Joseph C. Smith, Jr. alleging fraud resulting in the loss of their home through foreclosure proceedings. Following Smith's failure to respond to discovery, the trial court granted the plaintiffs' motion to strike Smith's answer, and entered an order which granted a default judgment against Smith as to liability, reserved the issue of damages for trial, and prohibited Smith from opposing certain of the plaintiffs' claims or introducing certain evidence. Smith's motion to set aside that order was denied, and a bench trial was held to determine damages. After hearing evidence, the trial court awarded the plaintiffs $29,132 in compensatory and $20,000 in punitive damages. Smith appeals.

1. In his first enumeration, appellant contends the trial court's denial of his motion to set aside the order striking his answer and entering judgment for appellees as to liability was erroneous because appellant was protected from the obligation to respond to discovery requests by the automatic stay provision of the Bankruptcy Code, which stay appellant maintains was in effect on the date of the missed

deposition that prompted appellees' motion for sanctions.

Although appellant's motion to set aside does not recite which subsection of OCGA § 9-11-60 (d) is relied on, no allegation is made therein of lack of jurisdiction, see OCGA § 9-11-60 (d) (1), or a nonamendable defect on the face of the record, see OCGA § 9-11-60 (d) (3), and it is clear that these subsections are inapplicable. Accordingly, we will review the propriety of the denial of appellant's motion under OCGA § 9-11-60 (d) (2), which provides that "[a] motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant[.]"

(a) The record reveals that appellees' motion for sanctions was filed on July 14, 1988, the day after appellant failed to appear at his properly noticed deposition, and was granted on December 6, 1988. In support of his December 30, 1988 motion to set aside the default judgment, appellant produced a July 15, 1988 order of the bankruptcy court dismissing appellant's Chapter 13 bankruptcy petition. Thus, appellant was arguably protected by the stay on July 14, 1988, the day of the scheduled deposition. (We note that although the bankruptcy dismissal order was entered on July 15, 1988, the hearing at which the bankruptcy judge ordered the petition dismissed was held on July 12, 1988.) However, at the time their motion was filed appellees believed, and represented to the trial court, that the bankruptcy petition had been dismissed. This belief was based both on a notice from the bankruptcy court dated April 28, 1988 informing appellees, as creditors, that appellant's petition "stood dismissed without further order of the Court if no written objection was made within 20 days of the entry of the order," and on the trustee's statement during a telephone call with appellees' counsel on May 19, 1988 (after the 20 days had elapsed) that his records indicated the case stood dismissed. There is no suggestion in the record that appellees deliberately perpetrated a fraud on the court, and at the time it was entered the trial court's order granting appellees' motion for sanctions was supported by uncontroverted evidence that the bankruptcy petition had been dismissed, which was presented to the trial court in good faith by appellees. Consequently, we find no evidence of fraud to serve as a basis for setting aside the order. See generally *Moore v. Barfield*, 189 Ga. App. 348, 349 (1) (375 SE2d 623) (1988).

(b) Neither could appellant have qualified for relief under OCGA § 9-11-60 (d) (2) based on either "accident" or "mistake." Appellant admits receiving all pleadings and notices, and thus must have known or should have known when the motion for sanctions was filed and the default judgment on the issue of liability entered. "This court has held that an 'accident' is an event which is not proximately caused by negligence, but arises from an unforeseen or unexplained cause. [Cit.]

Since the failure to [appear at his scheduled deposition] is not unexplained and, from the record in this case, appears to have as its cause [appellant's] neglect of [appellees'] suit, that ground is not available to appellant." *Moore*, supra at 349 (2). Similarly, since appellant's "failure to appear was due solely to a mistake on the part of appellant . . . , [mistake] does not afford a basis for relief. [Cits.]" *McCullough v. Molyneaux*, 163 Ga. App. 352, 354 (294 SE2d 560) (1982). See *Moore*, supra.

(c) "[W]here appellant uses a motion to set aside the judgment . . . he is precluded from using the ground which he had known or could have discovered through reasonable diligence." *Camp v. Fidelity Bankers &c. Ins. Co.*, 129 Ga. App. 590-591 (1) (200 SE2d 332) (1973). Because appellant was served with the motion for sanctions and the order granting default judgment as to liability, he could have responded to the motion or applied for leave to appeal the default judgment. Instead, he remained silent. Accordingly, any "acts of the adverse part[ies]," (appellees,) were not "unmixed with the negligence or fault of [appellant,] the movant," OCGA § 9-11-60 (d) (2), and the trial court did not err by denying appellant's motion to set aside the judgment. *Camp*, supra.

2. In his remaining two enumerations of error, appellant contends that no evidence was presented at the hearing on damages to support the amount of compensatory or punitive damages awarded to appellees by the trial court. The record does not include a transcript of that hearing, however, and in the absence of a transcript, we cannot consider enumerations of error based on the evidence or proceedings at trial. *Brown v. Thomas*, 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 29, 1991.

Joseph Smith, *pro se.*
*Charles R. Bliss*, for appellees.