## A07A1494. KAIROS PEACHTREE ASSOCIATES, LLC v. PAPADOPOULOS.

### (653 SE2d 386)

BARNES, Chief Judge.

Kairos Peachtree Associates, LLC, formerly known as RCI Peachtree Associates, appeals the grant of Constantin Papadopoulos's motion to set aside a default judgment entered against him as a discovery sanction. Because we find that the trial court abused its discretion in doing so, we must reverse the grant of the motion to set aside and remand the case to the trial court with direction to reinstate the default judgment against Papadopoulos.

On May 31, 2005, Papadopoulos was served with Kairos's breach-of-lease complaint as well as interrogatories, a request for production of documents, and a request for admissions. During the last week of June, Papadopoulos retained the law firm of Weener & Nathan, LLP to represent him. The law firm timely answered the complaint and filed a counterclaim but sought and received an extension until August 31, 2005, to respond to discovery. Papadopoulos's attorney, Cordon L. Olson, testified that Papadopoulos had gone to Greece and would not be returning until mid-August.

Olson testified that he called Papadopoulos's restaurant every day from August 15 until August 30, 2005, at which point Olson wrote Papadopoulos, asking him to contact Olson immediately. Olson was able to respond to the request for admissions with the information he had, but not the other discovery, and was waiting for Papadopoulos to provide the necessary documents and information.

Papadopoulos did not respond to Olson's August 30 letter, and the firm continued to try to reach him. When the firm still had not heard from Papadopoulos by October 12, Olson wrote him that if he did not contact the firm immediately, they would withdraw as his counsel. On November 7, 2005, still not having heard from Papadopoulos, Olson filed a motion to withdraw and sent a copy and a letter regarding the motion to Papadopoulos.

Olson testified that a week later, Papadopoulos called and explained that he had returned from Greece quite late. He admitted that he had received the phone messages and letters. Olson told Papadopoulos that if he wanted the firm to continue to represent him, Papadopoulos needed to bring the discovery documents to a meeting, scheduled for November 17, 2005. At that meeting, Olson told Papadopoulos that for the firm to continue representing him, he had to replenish the retainer and to provide them with the documents responsive to the discovery requests, which he had failed to bring with him. If he brought the documents and retainer, Olson said he would dismiss the motion to withdraw. Papadopoulos, however, neither brought the documents nor replenished the retainer.

The trial court granted Olson's motion to withdraw on November 22, 2005. On December 8, Olson wrote Papadopoulos again, reiterating that he must bring the documents and money if he wanted the firm to become involved in the case again. Papadopoulos never brought the documents nor did he respond to the letter. In fact, from November 17, when he met with Olson, until February 2006, Papadopoulos had no contact with the firm, in spite of Olson's insistence on his providing the discovery documents.

In the meantime, on November 10, 2005, Kairos moved to compel discovery. The trial court scheduled a hearing for February 14, 2006, on the motion to compel. Several days in advance, Kairos sent Papadopoulos notice of the hearing, and Papadopoulos telephoned Olson on February 12. According to Olson, Papadopoulos asked him if he knew about the date, and Olson told him he had not been notified because he was no longer Papadopoulos's attorney. Olson claims that he explained to Papadopoulos the difference between a motion calendar and a trial calendar, and told him that he would have his secretary call the court to find out what it was about. Olson testified that his secretary called the court, and shortly after that he explained to Papadopoulos that the hearing was on the plaintiff's motion to compel.

Papadopoulos does not dispute these facts, except that he claims that during a second call on February 12 Olson told him that the hearing had been "taken care of" and therefore he did not appear.

Papadopoulos submitted the affidavit of Paul Randall Hawks, who stated that he was in the room during the telephone conversation, which Papadopoulos broadcast on the speaker phone, and heard Olson say that the hearing was taken care of and Papadopoulos need not attend. Olson, on the other hand, denies telling Papadopoulos that he did not need to attend or that the hearing was taken care of.

In any event, neither Papadopoulos nor Olson appeared at the hearing. The trial court granted the motion to compel, struck Papadopoulos's answer and entered a judgment in favor of Kairos for more than $200,000.

In October, Papadopoulos via new counsel filed a motion to set aside the judgment. After a hearing, the trial court granted the motion under OCGA § 9-11-60 (d) (2), which provides, "[a] motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." The trial court found that Papadopoulos's failure to respond to the motion to compel and failure to appear at the hearing resulted from a mistake unmixed with his own negligence. We granted Kairos's application for interlocutory appeal.

Papadopoulos's conduct clearly demonstrates gross neglect. *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994) (trial court did not err in finding wilfulness when record showed that plaintiff repeatedly delayed serving discovery responses and only explanation was that she was "out-of-pocket"); *Daniel v. Corporate Property Investors*, 234 Ga. App. 148, 149 (2) (505 SE2d 576) (1998) ("[w]ilfulness is implied by the total failure to respond to discovery when no reason or excuse is offered in response to a motion to compel").

To date, Papadopoulos has not responded to the discovery requests served on him on May 31, 2005. He failed to respond to the motion to compel, failed to attend the hearing on the motion to compel, and failed to contact Olson from November 2005 until February 2006, even though he knew that Olson was awaiting documents from him. Further, he ignored the trial court's order granting Olson's motion to withdraw as counsel. Moreover, Papadopoulos did not attack the February 14, 2006 default judgment until October 2006.

Even if true, his assertion that Olson told him that he would handle the hearing does not negate Papadopoulos's gross neglect of the lawsuit against him. And, as Kairos points out, to the extent that Papadopoulos attempts to blame Olson for the mistake, any mistake attributable to Olson also would not authorize setting aside the judgment under OCGA § 9-11-60 (d) (2). *Moore v. Barfield*, 189 Ga. App. 348, 349 (2) (375 SE2d 623) (1988); *McCullough v. Molyneaux*, 163 Ga. App. 352, 354 (3) (294 SE2d 560) (1982). While Papadopoulos argues on appeal that he was not responsible for Olson's mistakes because, having withdrawn, Olson was a third party whose negligence could not be attributed to Papadopoulos, he also contends that he relied on Olson's advice. Thus, according to his argument, Papadopoulos considered Olson to be his lawyer at the time, and thus any negligence of Olson is attributable to Papadopoulos.

Because the trial court manifestly abused its discretion by implicitly finding that the negligence of Papadopoulos or his counsel did not contribute to the default judgment entered against him, the trial court erred by granting the motion to set aside the default judgment.

*Judgment reversed and case remanded. Smith, P. J., and Miller, J., concur.*

DECIDED OCTOBER 31, 2007.

*McLain & Merritt, Jeffrey M. Wasick*, for appellant.
*Steven J. Strelzik, Mary Trachian-Bradley*, for appellee.