60633. MAOLUD et al. v. KELLER.

SOGNIER, Judge.

In 1978 appellee filed a dispossessory warrant against appellants for non-payment of rent. On March 14, 1979 the trial court entered an order compelling payment of rent into court. The case was "special set" on March 23, 1979 to be tried on April 3, 1979. Appellants were informed of the trial date by their counsel on March 23rd and March 26th; on March 28th appellants' counsel sent them a letter confirming the trial date. On March 30, 1979 appellants' counsel withdrew from the case by a letter to appellants who then failed to appear for the hearing on April 3, 1979 either personally or through counsel. Accordingly, their answer was stricken and a default judgment was entered against them by the trial court, sitting without a jury.

Appellants obtained new counsel and in May, 1979 filed a motion to set aside the judgment and a motion for a new trial. After a hearing the trial court denied the motions and appellants appealed that decision to this court. We reversed and remanded the case to the trial court with directions that it exercise its discretion and consider *all* circumstances surrounding the default judgment, rather than basing its decision *solely* on the failure of appellants to appear. *Maolud v. Keller,* 153 Ga. App. 268 (265 SE2d 86) (1980).

After another hearing on the motion to set aside and the motion for a new trial, and after considering all circumstances surrounding appellants' failure to appear for trial, the trial court again denied the motions. On this appeal from that ruling, appellants contend the trial court erred in denying the motions.

1. Appellants contend the default judgment must be set aside as a matter of law, because the trial court, without a jury, awarded damages in a default judgment in an action sounding in tort. Further,

appellants contend the claim for damages was a supplemental pleading which did not become a part of the complaint.

In a similar situation where a plaintiff sought recovery for rent due under a lease, this court held that such damages were ex contractu. *Tallman Pools v. Napier,* 137 Ga. App. 500, 504 (224 SE2d 426) (1976). Hence, the judgment as it relates to liability for rent is proper. However, there is no indication in the record that the claim for damages to the premises is based on the lease or any other contractual agreement, and such an action sounds in tort. "As this is an action ex delicto, plaintiff was required to establish his damages by evidence before a jury by CPA § 55 (a) (Code Ann. § 81A-155 (a))." *Singleton v. Varnedoe,* 141 Ga. App. 311 (234 SE2d 86) (1977). As a jury was not impaneled, that part of the judgment awarding damages to plaintiff for damage to the premises is void. *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485 (197 SE2d 396) (1973); *Singleton,* supra.

2. Appellants contend the judgment awarding rent to appellee is erroneous as a matter of law, since the amount of rent awarded exceeded the amount prayed for. However, appellee filed a Motion to Compel Payment of Rent into the Registry of Court on March 6, 1979; the motion included a prayer that appellee ". . . be awarded a judgment against Defendant in all amounts due for rent, including past amounts *and any amounts accruing* by time of trial or hearing on the within Motion . . ." (Emphasis supplied.) The trial court granted the motion and ordered appellants to pay $1,400 into the Registry of the Court instanter, and $350 per month thereafter as long as appellants remained in possession of the premises. Accordingly, the amount of rent awarded was pursuant to appellee's motion and the trial court's order, and was adjudged properly against appellants. Further, the record discloses that the amount awarded was for rent past due, and that appellants were still in possession of the premises at the time of trial. The amount awarded was established properly by appellee.

3. Appellants' contentions regarding lack of notice and a supplemental complaint are not supported by the record and transcript. Further, we find no abuse of discretion in the trial court's denial of appellants' motion to set aside the judgment and their motion for a new trial, and we affirm that part of the judgment denying appellants' motions.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1981.

*John S. Graettinger, Jr.,* for appellants.
*Stephen M. Kiser,* for appellee.