## 65267. ARCHER v. MONROE.

SOGNIER, Judge.

Monroe sued Archer for property damages caused when their respective vehicles were involved in a collision. Archer appeals the denial of his motion to set aside a default judgment entered in favor of Monroe.

The default judgment was entered when Archer and his attorney failed to appear at the call of the case for trial. Under the local rules of the Cobb County State Court, appellant was on notice that his case would be called for trial, and was to appear for trial one hour from the time the court notified him by telephone to appear. When neither

appellant nor his counsel appeared after such telephone notice, the trial court invoked the three-minute rule pursuant to Code Ann. § 24-3341, struck appellant's answer, entered default judgment under OCGA § 9-11-55 (formerly Code Ann. § 81A-155), heard evidence of damages to Monroe's automobile, and awarded appellee $726.59 in damages. Archer moved to set aside the default judgment on the grounds that he had not been given a full hour to appear for trial, and that the judgment was void because there was no evidence to support the award of damages.

1. Appellant contends that the trial court erroneously applied the three-minute rule without giving him sufficient time to appear at the call of the case for trial. Appellant does not contend that notice was lacking but that he had just cause for delay, having notified the court that he would be late.

After a hearing on the motion to set aside, the trial court found that, according to his own personal recollection, appellant had been telephoned at 9:45 a.m. on April 6, 1982 and told to appear at 10:45. Judgment was entered at 10:55 a.m.; appellant's counsel appeared in the judge's chambers at 11:09 a.m. We find no error in this finding. See *Slusser v. Williams,* 100 Ga. App. 599, 602 (112 SE2d 7) (1959). The trial court considered all circumstances of the case, *Maolud v. Keller,* 153 Ga. App. 268, 269 (265 SE2d 86) (1980); and it cannot be said that rendition of the default judgment was unmixed with negligence on the part of appellant in failing to appear given notice. *Havlik v. Tuftcraft,* 162 Ga. App. 180 (290 SE2d 524) (1982). We find no abuse of discretion by the trial court in denying the motion to set aside the default judgment on this ground. *Murer v. Howard,* 165 Ga. App. 230 (299 SE2d 151).

2. Appellant contends that the trial court erred in applying OCGA § 9-11-55 (Code Ann. § 81A-155) in denying his motion to set aside. Appellant made no motion to open default under OCGA § 9-11-55 (Code Ann. § 81A-155). Since the judgment in the case was final, appellant's motion was made pursuant to OCGA § 9-11-60 (d) (formerly Code Ann. § 81A-160 (d)) which must be predicated on some non-amendable defect which appears on the face of the record or pleadings. *Emery Enterprises v. Automatic Fasteners Div.,* 155 Ga. App. 24 (270 SE2d 261) (1980). Once a final judgment is entered, the provisions of OCGA § 9-11-55 (b) (Code Ann. § 81A-155) regarding the opening of default are inapplicable, *Murray Constr. Co. v. Tuxedo &c. Co.,* 149 Ga. App. 101, 102 (253 SE2d 465) (1979), and the case proceeds under OCGA § 9-11-60 (d) (Code Ann. § 81A-160). The trial court did *not* open the default after final judgment was rendered and any error in finding any of the requirements of OCGA § 9-11-55 (b) (Code Ann. § 81A-155) lacking in this case was harmless. The

denial of the motion to set aside resulted from the trial court's finding no nonamendable defect on the record with regard to entry of the default judgment. The record shows that appellant failed to appear, that under the three-minute rule, the answer was properly stricken, and that default judgment was properly entered under OCGA § 9-11-55 (a) (Code Ann. § 81A-155). *Gregson v. Webb,* 143 Ga. App. 577 (239 SE2d 230) (1977).

3. Appellant also contends that the trial court erred in awarding damages in the amount of $726.59 because no evidence was introduced to support the judgment. There is no transcript of the original proceeding but the trial court specifically found that the evidence presented by Monroe was an "estimate" of damages to her automobile in the amount of $726.59.

The 1981 amendment to OCGA § 9-11-55 (a) (Code Ann. § 81A-155) (Ga. L. 1981, p. 769, § 1) provides that in actions ex delicto or involving unliquidated damages, "the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury . . ." The instant case involves an action for property damages to appellee's automobile and, thus, Monroe was required to present evidence to the trial court on the issue of damages. " 'When the plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the accident, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, provided the aggregate amount of these items does not exceed the value of the automobile before the injury. . . . [Cits.]' *Globe Motors v. Noonan,* [106 Ga. App. 486, 490 (127 SE2d 320) (1962)]." *Davis v. Sotomayer,* 149 Ga. App. 224 (253 SE2d 782) (1979). In the alternative, plaintiff may prove the difference in value of the property before the injury and afterwards. Id. at 224; see also *Casteel v. Gaither,* 156 Ga. App. 350 (274 SE2d 758) (1980). There is no evidence in the instant case regarding the value of the automobile prior to the collision. Thus, that part of the judgment awarding damages must be reversed and remanded in order for appellee to establish her damages with proper proof. *Maolud v. Keller,* 157 Ga. App. 430 (278 SE2d 80) (1981).

4. Finally, appellant challenges the constitutionality of the local rules of Cobb County because he argues such rules deny him access to the courts. Ga. Const. Art. 1, § 1, ¶ 9 (Code Ann.§ 2-109). Appellant does not contend that he had no notice or opportunity to be heard but rather that the local rule in conjunction with the three-minute rule works a hardship on litigants and attorneys. The above-cited constitutional provision does not guarantee any particular form or method of state procedure. Its requirements are met if the parties

have reasonable notice and opportunity to be heard. *Zorn v. Walker,* 206 Ga. 181, 182 (56 SE2d 511) (1949). The Local Rules of Cobb County provide for reasonable notice and opportunity to be heard and are not constitutionally defective.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1983 —
REHEARING DENIED MARCH 10, 1983 —

*Frank J. Klosik, Jr., William G. Gainer,* for appellant.
*Leo J. Gunther,* for appellee.