## 74253. MORRIS v. BONNER.
(359 SE2d 244)

McMurray, Presiding Judge.

Irene P. Bonner (plaintiff) filed an action against Cheryl S. Morris (defendant) to recover damages for property loss and personal injuries she allegedly sustained in an automobile collision with defendant. A jury trial resulted in a verdict for plaintiff in the amount of $16,000. This appeal followed. *Held*:

1. In her first enumeration of error defendant contends the trial court erred in sustaining plaintiff's motion to disqualify a prospective juror who expressed, upon voir dire, a bias against chiropractors.

Plaintiff's attorney conducted the following examination of the prospective juror during jury selection: "[Plaintiff's attorney]: Mrs. Bennett, a moment ago you said that you didn't put much faith in chiropractors, is that correct? [Juror]: Yes . . . I just don't think that a chiropractor's treatment should take the place of medical treatment when something is definitely wrong. I think a chiropractor can make you feel wonderful by massaging your back — I think he can make you feel good. I don't think they can cure anything. [Plaintiff's attorney]: All right. Would you think that your belief in chiropractors would have an effect in this case because we're going to have testimony of two chiropractors who've treated [plaintiff], and that feeling there, would it have an effect on your decision? [Juror]: If that was the only treatment that she received, I think it would. [Plaintiff's attorney]: Your Honor, I'd like to strike her for cause." Whereupon, the trial court granted plaintiff's motion and excused the prospective juror. There was no objection to this ruling by defendant.

"The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. *American Oil Co. v. Studstill*, 132 Ga. App. 56 (207 SE2d 553)." *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633, 636 (224 SE2d 739). Under the circumstances of the case sub judice, we find the trial court did not abuse its discretion in dismissing the prospective juror for bias. See *Jones v. Cloud*, 119 Ga. App. 697, 705 (5) (168 SE2d 598). However,

assuming the contrary, any error in dismissing the prospective juror for cause was harmless since there is nothing in the record to indicate that defendant did not have the benefit of an impartial jury. " 'A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury.' [*Grasham v. Southern R. Co.*, 111 Ga. App. 158, 160 (5), 161 (141 SE2d 189)]." *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633, 636, supra.

Another reason this enumeration of error is without merit is that defendant failed to make a timely objection to the trial court's ruling striking the prospective juror from the jury panel. *Adler v. Adler*, 207 Ga. 394 (1) (61 SE2d 824).

2. The pivitol issue raised in defendant's second enumeration of error centers on whether the trial court erred in failing to charge the jury as follows: "I charge you members of the jury that the introduction of electrical current or high frequency energy waves *into the* body to treat muscle injuries preparatory to a chiropractic adjustment are outside of the scope of chiropractics in this state. Therefore, you may not consider any such treatment in this case and any expenses incurred for such treatment cannot be considered by you to compensate the plaintiff."[1]

Although evidence at trial showed that plaintiff received treatment from her chiropractors which was referred to as "electro-therapy," there was no evidence showing that plaintiff was charged for the "electro-therapy." On the contrary, one of the plaintiff's chiropractors, who was an associate of the other chiropractor who treated plaintiff, testified that plaintiff was not charged for the "electro-therapy." Explaining this service, plaintiff's chiropractor testified that the "electro-therapy" was included in the regular price of an office visit. This testimony was supported by several documents entered into evidence by plaintiff entitled: "DOCTOR'S STATEMENT FORM." These documents represented the cost to plaintiff for treatment by her chiropractors and itemized the charge for specific services ren-

---

[1] In support of this request to charge, defendant referred to *Metoyer v. Woodward*, 176 Ga. App. 826, 829 (338 SE2d 286), where this court held that such treatment (as described in defendant's request to charge) is "not within the contemplation of the current statutes governing the practice of chiropractic in this state . . ." and affirmed the trial court's ruling that such treatment was " 'beyond the scope of permissible practice of chiropractors licensed under the laws of the State of Georgia' and that the charges for such treatment were therefore not admissible to establish a 'serious injury' under [Georgia's] no-fault statute." Subsequent to this holding, the legislature enacted OCGA § 43-9-16 (b), effective July 1, 1986, which provides as follows: "The chiropractic adjustment of the articulations of the human body may include manual adjustments and adjustments by means of electrical and mechanical devices which produce traction or vibration. Chiropractors who have complied with this chapter may also use in conjunction with adjustments of the spinal structures electrical therapeutic modalities which induce heat or electrical current beneath the skin, including therapeutic ultrasound, galvanism, microwave, diathermy, and *electromuscular stimulation*."

dered and therapy performed. An examination of these documents indicates no charge for treatment designated on the forms for "Electro-Therapy." Consequently, assuming it would not have been error for the trial court to give defendant's request to charge, since there is no evidence indicating that expenses for plaintiff's "electro-therapy" were included in the jury's verdict, it does not follow that the trial court's failure to give defendant's request to charge requires a new trial.

"Unless the refusal to give the charge requested was both erroneous and harmful to the [defendant], [she] cannot successfully complain. The burden is on [defendant] of showing both error and harm, and for the reasons [herein] stated we do not think this has been done." *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 192, 194 (2) (48 SE2d 141). This enumeration of error is without merit.

3. Defendant contends in her third enumeration of error that the trial court erred in failing to grant her motion for directed verdict on the issue of property damages. Defendant argues that plaintiff failed to carry her burden of proving damages sustained to her automobile.

" 'There are two ways to prove damages to a motor vehicle caused by a collision: (1) By showing the difference between the fair market value of the vehicle before and after the collision; and (2) Proof of necessary repairs that are the direct and proximate result of the collision and which represent the reasonable value of labor and material used for the repairs. However, this is subject to the proviso that the aggregrate of the repair costs, together with hire on the vehicle while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the market value of the car before the damage with interest. (Cits.)' *Tapes & Things v. Evans*, 133 Ga. App. 705 (212 SE2d 31) (1975); Accord *Perma Ad Ideas of America v. Mayville*, 158 Ga. App. 707 (282 SE2d 128) (1981)." *Dixon v. Williams*, 177 Ga. App. 702, 703 (340 SE2d 286).

In the case sub judice, the only evidence presented at trial showing property damages to plaintiff's vehicle was a repair bill in the amount of $625. (Defendant did not dispute this evidence.) Plaintiff presented no evidence showing the market value of her automobile before or after the collision.

"Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 (Code Ann. § 81A-150)." *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554).

In view of the absence of any evidence showing the market value of plaintiff's vehicle *before the collision* in the case sub judice, plaintiff has failed to carry her burden under either of the above formulas. Consequently, the trial court erred in failing to direct a verdict in

favor of defendant in this regard. However, "[w]here the jury finds damages in an amount which exceeds that which is authorized by the evidence it is not necessary to grant a new trial if the erroneous amount can be accurately measured and deducted from the verdict. *Seaboard Air-Line R. v. Bishop*, 132 Ga. 71 (1) (63 SE 1103)." *Story v. Monteith*, 180 Ga. App. 517, 519 (349 SE2d 760). Based on the record in the case sub judice, an accurate re-shaping of the judgment below can be accomplished since the undisputed evidence showed plaintiff's alleged property damages were $625 and a retrial of the case sub judice will not be necessary notwithstanding the trial court's error in failing to grant a directed verdict as to plaintiff's alleged property damage.

The judgment is affirmed as to damages for personal injuries. However, the judgment as to damages for property loss must be reversed with direction that the trial court eliminate from the judgment the sum of $625 representing the only amount attributable for plaintiff's claim for loss to her vehicle.

*Judgment affirmed in part and reversed in part with direction. Sognier and Beasley, JJ., concur.*

DECIDED JULY 1, 1987.

*James V. Towson, Craig N. Cowart*, for appellant.
*J. A. Powell, Jr., Gerald S. Mullis*, for appellee.