A89A1304. KENDALL v. CURTIS et al.
(389 SE2d 550)

BENHAM, Judge.

Appellant owns a parcel of real estate that is contiguous with a parcel owned by appellee Effie Curtis and with a parcel owned by appellees William and Joan Curtis. Appellant's southern boundary line is the northern boundary of William and Joan's property, and a portion of appellant's western boundary is Effie's eastern boundary line. When agents of the appellant tore down fences erected by the Curtises, contending they were built upon appellant's property, appellees filed suit. Judgment was entered on a jury verdict that found the Effie Curtis/Kendall boundary line to be as Mrs. Curtis contended, and the William and Joan Curtis/Kendall line to be as Mrs. Kendall contended. Money damages were also awarded Effie Curtis.

1. The jury originally returned a verdict in which they found the boundary lines to be as appellant contended, and awarded monetary damages to Effie Curtis. The trial court recognized the verdict as inconsistent, refused to receive it, and sent the jury back for further deliberations. Appellant's motion to mold the verdict by setting aside the award of monetary damages to Effie was denied. Appellant asserts the denial of her motion as error.

Appellant relies upon OCGA § 9-12-8, which states, "If a part of a verdict is legal and a part illegal, the court will construe the verdict and order it amended by entering a remittitur as to that part which is

illegal and giving judgment for the balance." However, the verdict in the case at bar is not partially illegal; rather, "[t]he verdict finding that [appellant] owned this disputed property, and that [appellee Effie Curtis] was entitled to actual . . . damages for [repair and replacement of her fence] was absolutely contradictory. [Cits.] 'A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon.' . . . Where such an inconsistent and void verdict is returned by the jury, it is proper for the trial judge to refuse to receive the verdict, and to require them to return for further deliberations, under proper instructions. [Cits.]" *Thompson v. Ingram*, 226 Ga. 668 (2) (177 SE2d 61) (1970). The trial court took the appropriate action and was correct in denying appellant's motion to mold the verdict originally returned by the jury.

2. Contending that there was no evidence that the Effie Curtis/Kendall boundary line was uncertain or unascertained, appellant next asserts that the trial court erred by instructing the jury on the law of acquiescence in disputed boundary line cases. Appellant claims the charges were inapplicable because the deeds of the parties left no doubt or uncertainty as to the location of the boundary line.

"A boundary line which is in dispute, uncertain or unascertained may be established either (a) by oral agreement, if the agreement is accompanied by actual possession to the line or is otherwise duly executed or (b) by acquiescence for seven years as provided in [OCGA § 44-4-6.] [Cits.] A line is uncertain or unascertained if its location on the ground is unknown even where the line is clearly described in the deeds [cit.]. . . . A line may not be established by acquiescence unless there is some contention between the landowners over the location of the line as a result of which a boundary is established in which the landowners subsequently acquiesce. . . ." *Cothran v. Burk*, 234 Ga. 460, 461 (216 SE2d 319) (1975). Thus, the testimony that the parties had disputed the location of the boundary line prior to 1974 and that, as a result of that dispute, a boundary had been established and appellee had erected a fence six inches within her side of the boundary line in which appellant had acquiesced for 13 years was evidence to support a charge on acquiescence. The fact that each party's deed described her property did not remove the law of acquiescence from the debate. See *Wright v. Thompson*, 236 Ga. 655, 658 (225 SE2d 226) (1976).

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs dubitante.*

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 19, 1989 —

*David E. Ralston*, for appellant.

*J. Tracey Ward*, for appellees.