A96A2405. MYERS et al. v. THORNTON et al.
(480 SE2d 334)

MCMURRAY, Presiding Judge.
This is a negligence action in which plaintiffs Debra Thornton and Randy Thornton have sought damages for injury to person and property arising from a motor vehicle collision. Defendants Esther Ruth Myers and Robert Myers are the driver and owner of the other vehicle. The liability portion of the case was tried before a jury resulting in a verdict for plaintiffs in the amount of $9,558.80. Defendants then moved for several modifications of the verdict.

Portions of the motion for modification were granted, including

the grant to defendants of a set off against the jury award to plaintiffs of $3,000 for property damage. Defendants were allowed a set off against that award in the amount of $7,138.01, the sum which had already been paid to plaintiffs on behalf of defendants via insurance proceeds for repairs to plaintiffs' damaged vehicle. This reduced plaintiffs' award for property damages to zero. Plaintiffs' motion for reconsideration of the modification of the jury verdict was successful and the $3,000 award for property damage was reinstated. We granted defendants' application for discretionary appeal and they enumerate as error the trial court's refusal to grant a set off for the amount paid for repairs to the car and the trial court's grant of the plaintiffs' motion for reconsideration. *Held*:

A set off or reduction of the amount of verdicts to reflect payments previously made to plaintiffs on the defendants' behalf has been approved, usually on the basis that such an adjustment avoids the payment of duplicate damages or a double recovery by plaintiffs. *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541, 545 (455 SE2d 91); *Orndorff v. Brown*, 197 Ga. App. 591 (391 SE2d 77); *Hall v. Helms*, 150 Ga. App. 257 (257 SE2d 349); *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710 (225 SE2d 80). We find nothing in OCGA § 9-12-9 or the several cases cited by plaintiffs, including, *Kendall v. Curtis*, 194 Ga. App. 37 (389 SE2d 550); *Force v. McGeachy*, 186 Ga. App. 781 (368 SE2d 777); *Four Oaks Homes v. Smith*, 153 Ga. App. 326 (265 SE2d 76), which support their contention that the trial court lacked authority to make such an adjustment.

There are two ways to prove damages to a motor vehicle caused by a collision. One alternative is by showing the difference between the fair market value of the vehicle before the collision as compared with the market value of the damaged vehicle after the collision.

Damages may also be proven by proof of the reasonable value of labor and material used for necessary repairs that are the direct and proximate result of the collision, together with hire on the vehicle while rendered incapable of use, plus the value of any permanent impairment in the value of the vehicle. This measure of damages is subject to a limitation, which is not relevant to the case sub judice, that any recovery may not exceed the market value of the car before the damage with interest. See *Morris v. Bonner*, 183 Ga. App. 499, 501 (3) (359 SE2d 244) (1987). See also *Chapman v. Hepburn*, 191 Ga. App. 909 (1) (383 SE2d 352) (1989).

Plaintiffs presented evidence of the permanent impairment or diminution in value of their car, that is, that prior to the collision the car was worth more than the value of the repaired car following the collision. Plaintiffs' expert opined that this diminution in value was $3,000, the exact amount awarded in the verdict for property dam-

age. Also, the testimony at trial made the jury aware that insurance proceeds had paid for the repair of the car.

Plaintiffs maintain that the amount of property damages included in the verdict consisted entirely and only of the amount of the diminution in value of their car caused by the collision. They argue that there is no evidence concerning the damage to the vehicle immediately after the accident and that the case involves only the damage to the vehicle after credit is given for the repairs paid for on behalf of defendants. This is apparently the view taken by the trial court which in its order granting plaintiffs' motion for reconsideration refers to the jury's award of property damages as "the addition of $3,000.00 plus the cost of any repair work done. . . ." Yet, the verdict of the jury states the award of damages for property damages without any suggestion of a credit for the sums paid on behalf of defendants for repair of plaintiffs' car.

As presented through the testimony of plaintiffs' expert, the evidence of the cost of repairs includes those which were necessary due to the collision but never attempted in the amount of $336. Further evidence as to the cost of the repairs took two forms. The expert found that some of the repairs attempted on plaintiffs' car had not been accomplished correctly or had not been attempted even though paid for and he estimated the value of these repairs at $1,400. Using photographs to illustrate his testimony, plaintiffs' expert described the nature of many of the repairs made to plaintiffs' car. The jury was authorized to apply its knowledge of the cost of automobile repairs to formulate a conclusion as to the cost of the described repairs. *Jim Ellis Atlanta, Inc. v. McAlister*, 198 Ga. App. 94, 97 (2) (400 SE2d 389); *White v. Miller*, 194 Ga. App. 816, 817 (3) (392 SE2d 30); *Gwinnett Commercial Bank v. C & S Bank*, 152 Ga. App. 137, 139 (1), 141 (262 SE2d 453).

We are compelled to determine that the defendants are entitled to a set off and that the trial court erred in granting plaintiffs' motion for reconsideration so as to include in the judgment the award of $3,000 property damages. This is because under the evidence and issues submitted to the jury, their verdict must be presumed to include an award for the cost of repairing plaintiffs' car so that the set off is necessary to avoid a double recovery by plaintiffs.

The complaint sought an award for repair of plaintiffs' car. The cost of repairing the car was identified as a trial issue in the pre-trial order. At trial the jury was instructed that plaintiffs sought to recover for the damage to their car and were provided both of the measures of damages discussed above. The jury was also instructed not to consider the existence or absence of insurance in reaching its verdict. And finally, the evidence presented at trial was sufficient to authorize a verdict for repairs to the car. While plaintiffs have relied

upon OCGA § 9-12-9, it is they, rather than defendants, who must suffer the consequences of this rule that the judgment conform to the verdict.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED JANUARY 22, 1997.

*Paul M. Ledbetter, Jr., Dargan S. Cole*, for appellants.
*Lavigno & Schlueter, William W. Lavigno III, Richard R. Schlueter*, for appellees.