A97A2540. SYKES v. SIN et al.
(493 SE2d 571)

ELDRIDGE, Judge.
    Plaintiff, Thomas B. Sykes, filed suit against defendants, Nin Sin and Chann Song, seeking recovery for property damage to his 1986 Jaguar XJ6, which arose from an automobile collision on February 7, 1996, occurring at the intersection of Church Street and Georgia Highway 85 in Clayton County. A jury trial was conducted in the State Court of Clayton County on February 24, 1997. At the close of the plaintiff's case, the trial court granted a partial directed verdict in favor of the defendants, finding that the plaintiff failed to prove the value of his automobile after the collision and held that the plaintiff would, therefore, be precluded from proving his damages by showing the difference between the fair market value of the automobile immediately prior to the collision and the fair market value of the automobile immediately afterwards. The case was submitted to the jury with the plaintiff's proof of damages limited to evidence of cost of repairs, loss of use or hire, and diminution of value. The jury returned a verdict in favor of the plaintiff, but awarded no damages.
    The plaintiff filed a motion for new trial on the grounds of: (1) the verdict was contrary to the evidence and (2) the verdict was strongly against the evidence. The trial court denied plaintiff's motion for new trial. It is from this order that the plaintiff appeals.
    1. In his first enumeration of error, the plaintiff alleges that the trial court erred by granting a partial directed verdict that the plaintiff had failed to prove the immediate after-collision fair market value of his automobile.
    Recovery for property damage to an automobile is an item of special damages. "Special damages are those which actually flow from a tortious act; they must be proved in order to be recovered." OCGA § 51-12-2 (b). "When [a] plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the [collision], together with hire on the vehicle while ren-

dered incapable of use, and the value of any permanent impairment, *provided the aggregate amount of these items does not exceed the [fair market] value of the automobile before the injury*. In the alternative, plaintiff may prove the difference in [fair market] value of the property before the injury and afterwards." (Citations and punctuation omitted; emphasis supplied.) *Archer v. Monroe*, 165 Ga. App. 724, 726 (302 SE2d 583) (1983).

In proving damage to an automobile, "[t]he owner of property is considered to be qualified to state his opinion as to [the fair market] value. [Lay] [o]pinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion." (Citations and punctuation omitted.) *Dixon v. Williams*, 177 Ga. App. 702, 704 (340 SE2d 286) (1986). "The testimony of the owner of property as to his opinion of the value of the property, without giving his reasons therefor, is inadmissible in evidence as it has no probative value[,]" because the jury has no way to judge the weight and credibility of the lay opinion without the foundation. (Citations omitted.) *Holbrook v. State*, 168 Ga. App. 380 (308 SE2d 869) (1983).

In this case, the sole testimony as to the value of the plaintiff's automobile immediately after the accident was given by the plaintiff. The plaintiff described the damage to the automobile; when asked what he felt the value of the automobile was after the collision, the plaintiff testified, "[w]ell, that would be a difficult question to answer because I didn't really have any estimates because I give [sic] no thought to selling it like it was. Of course, I'm sure at the time if I would have just called some junk yard to come out and get it, it wouldn't have been worth very much, maybe a thousand dollars, probably, would have been all I'd get for it." However, the plaintiff did not testify that he had priced the vehicle at various salvage yards to determine what the salvage value of the automobile was. In fact, the plaintiff gave no explanation whatsoever as to how he had arrived at the $1,000 figure. Therefore, the plaintiff failed to give a basis or foundation to show he had an opportunity to form an accurate opinion, and, as such, there was no probative evidence as to the fair market value of his automobile immediately after the collision.

In any event, even if the plaintiff had presented probative evidence as to the fair market value of the automobile immediately after the collision, the plaintiff had not proven the fair market value of his automobile immediately prior to the collision in order for the jury to make a determination as to the difference between the two figures. Testimony regarding the damage to an automobile alone is not suffi-

cient to establish a foundation for an owner to base his opinion of the value of the automobile immediately before and immediately after the collision. In order for a proper foundation to be laid to show that a lay witness had an opportunity to form a correct opinion of the difference between the value of the automobile immediately prior to the collision and immediately afterwards, in addition to testimony describing the damage to the automobile, a lay witness would have to show other reasons to support his opinion, such as the purchase price, the manner in which he had maintained the automobile, and the overall condition of the automobile immediately before the collision, the actual cost of repairs or actual salvage value, or other relevant evidence to provide the jury with some guidance as to the value and the extent of the loss. See *Crowe v. Harrell*, 122 Ga. App. 7 (176 SE2d 190) (1970). The sole testimony as to the fair market value of the automobile immediately prior to the collision was given by the plaintiff.

In establishing the fair market value of his automobile prior to the collision, the plaintiff initially attempted to establish the purchase price. The plaintiff stated that his son located the automobile in 1990 or 1991. The plaintiff went on to testify that his son did not pay any money for the car, but that the plaintiff traded a 1974 Cadillac Fleetwood and a 1979 BMW 735 plus $3,000 cash for the automobile. However, he tendered no evidence as to the value of either the 1974 Cadillac or the 1979 BMW at the time they were traded. Plaintiff also testified that after the automobile was purchased, he had it repainted. However, while the plaintiff stated he thought the paint job was worth about $1,000, he never paid any money for the paint job or gave any explanation as to how he arrived at this figure. Therefore, the plaintiff's attempt at establishing that he initially paid $15,000 for the automobile failed.

The plaintiff also attempted to establish the fair market value of the automobile immediately prior to the collision by testifying that prior to the accident he checked the want ads in the newspaper on a monthly basis and talked with other "people who had another car in that area" to determine for what price cars of the same model and type were selling. The plaintiff opined that, based on the information he received, his automobile had a fair market value of $9,000 to $10,000 immediately prior to the collision. However, he did not testify that the condition of his automobile, i.e., the way it was maintained, the mileage, the condition of the interior and exterior, accessories, and the general mechanical condition, was comparable to the automobiles other people had or the automobiles he found in the newspaper want ads on which he had based his opinion. Therefore, the plaintiff failed to lay a proper foundation to show that he had an opportunity to form a correct opinion, and such testimony was not

probative evidence to prove the fair market value of his automobile immediately prior to the collision.

Therefore, under the evidence presented, the trial court did not err in granting the partial directed verdict. In fact, the trial court erred in letting the issue of special damages go to the jury at all, because such damages, in aggregate, cannot exceed the fair market value of the automobile prior to the collision and place the plaintiff in a position superior to that which he previously held. Thus, absent proof of the fair market value immediately prior to the collision, any other special damages cannot be calculated as coming within the maximum limit on recovery. *Archer v. Monroe*, supra at 726.

2. The plaintiff further alleges that the trial court erred by denying the plaintiff the right to open and conclude closing arguments.

Even though OCGA § 9-10-186 gives a plaintiff the right to opening and concluding closing arguments, except when the defendant introduces no evidence, it is incumbent on counsel for the plaintiff to assert her right to make the last argument at the trial level. At the close of the evidence, counsel for the plaintiff made her initial closing argument. At the end of her opposing counsel's closing argument, the court inquired if the jury wanted to continue or be excused for the day. The jury elected to continue, and the trial judge began his charge. Counsel for the plaintiff did not object at this time, or at any other time during the remainder of the trial, that the plaintiff had been denied his right to conclude closing argument.[1] Plaintiff's counsel failed to demand the right to make her final closing argument.

"It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citations and punctuation omitted.) *Rowe v. Fleet Mtg.*, 226 Ga. App. 593, 595 (487 SE2d 133) (1997). Therefore, this enumeration of error is without merit.

3. In his third enumeration of error, the plaintiff contends that the trial court erred by charging the jury not to consider the after-collision market value of the vehicle.

"In a civil case, an exception or objection to a charge must be made after the jury is charged and before the verdict[.] [Cits.]" *Johnson v. Bruno's*, 219 Ga. App. 164, 166 (464 SE2d 259) (1995). The plaintiff failed to object to the charge at trial. Moreover, after examining the court's charge, we do not find that it establishes substantial error within the meaning of OCGA § 5-5-24 (c), which would warrant this Court's review regardless of whether objection was made at trial

---

[1] Plaintiff also failed to raise this issue in his motion for new trial. If it had been raised at this point, the trial court could have, in the exercise of his sound legal discretion, granted plaintiff a new trial.

level or not.[2] Thus, this enumeration of error is without merit. Further, the plaintiff failed to lay a predicate for such special damages as shown by Division 1.

4. In his final enumeration of error, plaintiff alleges that the trial court erred by not granting plaintiff's motion for a new trial because the verdict was contrary to the law and strongly against the weight of the evidence.

"The appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict, however slight, and regardless of what may be the character of the witnesses. Our function is to review the sufficiency of the evidence, and not to determine its weight. Though the evidence might have authorized a different verdict or the verdict is supported by only slight evidence or the evidence is conflicting or preponderates against the verdict[,] where no material error of law appears, this court will not disturb the trial judge's judgment in overruling the motion for new trial." (Citations and punctuation omitted.) *Haynes v. McCambry*, 203 Ga. App. 464, 465 (416 SE2d 893) (1992). "The question of damages is ordinarily for the jury; and the court should not interfere with the jury's verdict unless the damages awarded are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case. OCGA § 51-12-12. The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to 'shock the conscience.' " (Citations and punctuation omitted.) *Turpin v. Worley*, 206 Ga. App. 341, 342-343 (425 SE2d 895) (1992).

As set forth in Division 3, the trial court's charge on property damages was a correct statement of the law under the facts and circumstances of this case. This Court has already held in Division 1 that the plaintiff failed to prove the fair market value of the automobile immediately prior to the collision and immediately afterwards. Since the aggregate amount of the reasonable value of repairs made necessary by the collision, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, cannot exceed the fair market value of the automobile immediately prior to the collision, there was no basis for the jury to deter-

---

[2] Upon examination of the charge of which the plaintiff complains, this Court finds that, under the facts and circumstances of this case, such charge is a correct statement of the law as given.

mine if the damages alleged by the plaintiff were excessive.

Furthermore, even if the plaintiff had proven the fair market value of the automobile immediately prior to the collision, the plaintiff failed to prove through probative evidence the cost of repairs, loss of use of the vehicle, and the value of any permanent impairment. Even though the plaintiff testified that in his opinion the cost of repairs was about $8,000, he did not establish a foundation for his opinion, and, therefore, such evidence was not probative. The only evidence before the jury concerning the repair work was the plaintiff's testimony that the repairs to his automobile were done by his son's friend in Tennessee and that, even though he had received a bill, he had never paid any money for the repairs. Plaintiff presented no evidence by a qualified mechanic or repairman regarding the value of any repairs to his automobile. Further, the plaintiff presented no evidence of the loss of use of his automobile and no evidence of the diminution of the value of his automobile.

Therefore, the jury's determination that the plaintiff had failed to prove any damages was proper under the evidence.

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED NOVEMBER 4, 1997.

*George C. Creal, Jr.*, for appellant.

*Sharon W. Ware & Associates, Darren W. Penn, Paul L. Groth*, for appellees.