A99A1078. CANAL INSURANCE COMPANY v. TULLIS.

(515 SE2d 649)

ELDRIDGE, Judge.

This appeal involves a property damage subrogation suit filed by the appellant Canal Insurance Company ("Canal"). At the close of Canal's case, the trial court directed a verdict in favor of the appellee, Danny Ray Tullis. Canal appeals from this ruling.

On June 18, 1996, Tullis, while driving a 1978 Ford dump truck, was involved in a motor vehicle collision with a dump truck owned by Helton Trucking Company ("Helton Trucking") which was being driven by Mr. Tommy Davis. The collision occurred on the property of Vulcan Materials in Norcross, Georgia. At the time of the collision, Helton Trucking's dump truck was covered by a policy of insurance issued by Canal. A claim was made by Helton Trucking to Canal for the property damage caused to its dump truck in the collision. Pursuant to the collision coverage contained in the policy of insurance issued by Canal, Canal paid $19,389.59 for those repairs.[1] At trial,

---

[1] The collision coverage contained in Helton Trucking's collision policy contained a $1,000 deductible.

Canal sought recovery of both the $19,389.59 it paid for repairs and the $1,000 deductible.

1. In its first enumeration of error, Canal alleges that the trial court erred in granting the appellee's motion for directed verdict on the grounds that Canal failed to prove that the cost of repairs of its insured's vehicle did not exceed the fair market value of the vehicle immediately before the accident. Canal argues that Georgia law does not require proof of the fair market value of the vehicle immediately prior to the collision when a plaintiff seeks recovery for the cost of repairs only and does not also seek recovery for loss of use and diminution in value. We disagree.

> Recovery for property damage to an automobile is an item of special damages. Special damages are those which actually flow from a tortious act; they must be proved in order to be recovered. OCGA § 51-12-2 (b). When a plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the collision, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, *provided the aggregate amount of these items does not exceed the fair market value of the automobile before the injury.* In the alternative, plaintiff may prove the difference in fair market value of the property before the injury and afterwards.

(Citations and punctuation omitted; emphasis in original.) *Sykes v. Sin*, 229 Ga. App. 155-156 (493 SE2d 571) (1997). See *Myers v. Thornton*, 224 Ga. App. 326 (480 SE2d 334) (1997); *Archer v. Monroe*, 165 Ga. App. 724 (302 SE2d 583) (1983).

In this case, the appellant opted to prove the damages to its insured's dump truck by showing the reasonable and necessary cost of repairs. While Canal presented evidence at trial showing the cost of repairs, it failed to put up any evidence of the fair market value of its insured's dump truck immediately before the collision. In fact, Canal concedes on appeal that it did not present *any* evidence of the fair market value of its insured's dump truck at trial. "[A]bsent proof of the fair market value immediately prior to the collision, any other special damages cannot be calculated as coming within the maximum limit on recovery. [Cit.]" *Sykes v. Sin*, supra at 158. See *Morris v. Bonner*, 183 Ga. App. 499, 501 (359 SE2d 244) (1987). This is true even when a plaintiff is only seeking recovery for the reasonable value of repairs made necessary by the collision, and is not also seeking recovery for hire on the vehicle while rendered incapable of use or the value of any permanent impairment. The total amount of prop-

erty damages recovered by a plaintiff for damages caused to his vehicle as the result of a collision "cannot exceed the fair market value of the [vehicle] prior to the collision and place the plaintiff in a position superior to that which he previously held." *Sykes v. Sin*, supra at 158.

"Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50." (Citations and punctuation omitted.) *Morris v. Bonner*, supra at 501. "In view of the absence of any evidence showing the market value of plaintiff's vehicle [immediately] *before the collision* in the case sub judice, plaintiff has failed to carry [its] burden under either of the above formulas." (Emphasis in original.) Id. Consequently, the trial court did not err in directing a verdict in favor of the appellee.

2. Our holding in Division 1 renders it unnecessary that we address the issue of whether the trial court erred in holding that Canal did not have standing to pursue a subrogation claim to collect its insured's $1,000 deductible.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 6, 1999 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Austin & Sparks, John B. Austin*, for appellant.
*Jeffrey R. Sliz*, for appellee.