**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 22, 2018**

# In the Court of Appeals of Georgia

A17A1790. COTTINGHAM v. SAPP.

MCFADDEN, Presiding Judge.

June Cottingham appeals the grant of summary judgment to defendant Kirby Sapp in this premises liability case. She argues that whether her knowledge of the hazard that caused her fall is equal or superior to Sapp's knowledge is a jury question. We hold that the trial court did not err by finding the evidence is undisputed on the issue. So we affirm.

1. *Facts and background.*

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006) (citations omitted). So viewed, the evidence shows that Cottingham was the office manager of an H&R Block office. The office was located in a building owned by Sapp.

On the morning of the incident, Cottingham was the first employee to arrive at the office. She entered the front door and walked to the back office. As she walked toward the light switch in the back office, she slipped on water, fell, and injured her neck and hand.

Cottingham testified that every time it rained, water would enter the back office because rain would fall from a broken awning or gutter onto the back door. Cottingham knew that some time before her accident, another employee had slipped and fallen because of the water.

The day before Cottingham's fall, it had rained and the back office had flooded. Cottingham and her fellow employees mopped up the water. The floor was dry when Cottingham left that night around 10 p.m.

Sapp testified that it was raining the day of Cottingham's fall. In her interrogatory responses, Cottingham similarly said that "[o]n the day of the subject incident, the weather conditions were wet and rainy and it had been raining the

2

previous day also." In her deposition, however, Cottingham testified that on the morning of the incident, "[i]t wasn't raining; it was rainy. It was kind of like it could rain."

In a brief order, the trial court granted Sapp's motion for summary judgment, finding that the undisputed evidence showed that "the plaintiff in this case had equal or superior knowledge of the defect which led to the injuries alleged." Cottingham then filed this appeal.

> Our Supreme Court of Georgia has held that
>
> to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). "The true ground of liability is the owner or occupier's superior knowledge of the hazard

3

and the danger therefrom." *Edwards v. Ingles Mkt.*, 234 Ga. App. 66, 67 (506 SE2d 205) (1998) (citation omitted).

2. *Application of the Prophecy rule to contradictions in Cottingham's testimony*.

Cottingham argues that whether she had equal or superior knowledge of the hazard that caused her fall is a jury question. We find that when her contradictory testimony is construed against her, the undisputed evidence shows that Cottingham's knowledge was equal or superior to Sapp's knowledge.

As detailed above, in her interrogatory responses, Cottingham said that "[o]n the day of the subject incident, the weather conditions were wet and rainy and it had been raining the previous day also." In her deposition, however, Cottingham testified that on the morning of the incident, "[i]t wasn't raining; it was rainy. It was kind of like it could rain."

"In each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). Further,

4

[u]nder the rule set forth in *Prophecy*, a trial court faced with a party's self-contradictory sworn testimony must construe the testimony against that party on a motion for summary judgment, unless he or she offers a reasonable explanation for the contradiction. Significantly, whether a reasonable explanation has been offered is a question of law for the trial court, and we must uphold a trial judge's determination on the issue unless it is clearly erroneous.

*Bithoney v. Fulton-DeKalb Hosp. Auth.*, 313 Ga. App. 335, 342 (1) (721 SE2d 577) (2011) (citations and emphasis omitted).

Although the trial court here did not expressly address this issue in his summary judgment order, his ruling in Sapp's favor implies that he disregarded Cottingham's allegedly contradictory testimony. We cannot say that the ruling is clearly erroneous. Thus under the rule set forth in *Prophecy*, Cottingham's testimony was that on the day of the incident, it was rainy, which means "marked by, abounding with, or bringing rain." https://www.merriam-webster.com/dictionary/rainy (retrieved Jan. 8, 2018). This fact, in conjunction with the undisputed fact that Cottingham knew that every time it rained water would enter the back office, supports the trial court's conclusion that Cottingham had equal or superior knowledge of the defect that caused her fall. As noted above,

5

[a] plaintiff cannot recover on a premises liability claim unless the defendant had superior knowledge of the hazard; consequently, the defendant is entitled to summary judgment if there is no evidence that it had superior knowledge or if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

*Diaz v. Wild Adventures, Inc.*, 289 Ga. App. 889, 891, 658 SE2d 362, 364 (2008) (citations and punctuation omitted).

3. *Landlord's duty to keep the premises in repair.*

Cottingham argues that we should reverse the trial court because that court failed to consider Sapp's duty to keep the premises in repair. She cites OCGA § 44-7-13 ("The landlord must keep the premises in repair. He shall be liable for all substantial improvements placed upon the premises by his consent."). But our Supreme Court has held that OCGA § 44-7-13 "imposes contractual, but not tort, liability on a landlord." *Colquitt v. Rowland*, 265 Ga. 905, 907 (2) (463 SE2d 491) (1995). Another Code section, OCGA § 44-7-14, provides that an out-of-possession landlord "is responsible . . . for damages arising from the failure to keep the premises in repair." But a plaintiff's equal or superior knowledge will defeat such liability. "Although a landlord is under a statutory duty to keep the premises in repair, a

6

landlord is not an insurer of his tenant's safety. Even where the condition of the premises may be hazardous and the landlord negligent, the landlord may not be liable for injury where the tenant had equal or superior knowledge of the alleged defect." *Steele v. Chappell*, 222 Ga. App. 451, 451-52 (474 SE2d 309) (1996) (citations omitted). So Cottingham's equal or superior knowledge of the defect defeats liability on this basis as well.

For these reasons, the trial court did not err by granting summary judgment to Sapp.

*Judgment affirmed. Branch and Bethel, JJ., concur*.