**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 18, 2021**

# In the Court of Appeals of Georgia

A21A0987. T & T TRANSPORTATION v. DUCKWORTH.

MERCIER, Judge.

T & T Transportation filed a lawsuit against Jacqueline Duckworth, alleging that Duckworth rear-ended one of its vehicles. Duckworth filed a motion for summary judgment, claiming that T & T failed to present evidence of its special damages. The trial court agreed and granted summary judgment. T & T appeals, arguing that the trial court erred. Because we find that T & T presented sufficient evidence of its special damages to raise a material issue of fact, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Cottingham v. Sapp*, 344 Ga. App. 651, 651 (1) (811 SE2d 442) (2018) (citation and punctuation omitted).

So viewed, the evidence showed the following. T & T "transports senior citizens, mentally challenged [people and] DFCS consumers in the State of Georgia for the State of Georgia," and to do so T & T owns and leases approximately 90 vehicles. The parties do not dispute that Duckworth rear-ended a vehicle driven by an employee of T & T, Mattie Mae Howell, after Howell stopped in the road to observe another collision. Thereafter, Duckworth received a citation and pled guilty to following the T & T vehicle too closely.

T & T filed the underlying lawsuit against Duckworth seeking cost of vehicle repairs, loss of use of the vehicle, and diminished value. During discovery, T & T's chief executive officer, Shawn Thomas, testified that he did not know when T & T purchased the vehicle at issue, or how much T & T paid for the vehicle. When asked if he knew the fair market value of the vehicle at the time of the collision, Thomas responded: "Not offhand, I wouldn't know."

Duckworth filed a motion for summary judgment, arguing that T & T failed to show an issue of material fact as to its claimed property damages. In support of its

response to Duckworth's motion, T & T filed repair orders for the vehicle and the bill for the replacement van rental. T & T also submitted an affidavit from Thomas, wherein he provided the value of the vehicle prior to and following the collision, and provided the costs of the vehicle repairs and loss of use.

In a brief order, the trial court granted Duckworth's motion for summary judgment, finding that the undisputed evidence showed that T & T "has not demonstrated facts sufficient to prove the essential elements of its case for property damage to an automobile[.]"[1]

"Recovery for property damage to an automobile is an item of special damages." *Canal Ins. Co. v. Tullis*, 237 Ga. App. 515, 516 (1) (515 SE2d 649) (1999) (citation and punctuation omitted). "Special damages are those which actually flow from a tortious act; they must be proved in order to be recovered." OCGA § 51-12-2 (b). After Duckworth pointed on summary judgment to the absence of evidence supporting T & T's claim for special damages, T & T was required to proffer

---

[1] While the trial court's order incorrectly states: "It is hereby ordered and adjudged that the Defendant has not demonstrated facts sufficient to prove the essential elements of its case for property damage to an automobile," it is apparent from the order that the error was typographical.

3

evidence of the damages. See *Giles v. Swimmer*, 290 Ga. 650, 652 (2) (725 SE2d 220) (2012).

> When a plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the collision, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, provided the aggregate amount of these items does not exceed the fair market value of the automobile before the injury. In the alternative, plaintiff may prove the difference in fair market value of the property before the injury and afterwards.

*Canal Ins. Co.*, supra (citation, punctuation, and emphasis omitted). Therefore, under either calculation, a plaintiff must provide evidence showing the market value of the plaintiff's vehicle immediately before the collision. See id.

Here, Thomas averred that he "determined the value of the [vehicle] immediately prior to the accident to be $14,425." T & T also submitted repair orders and the bills for the rental vehicle. T & T's proffer of evidence of the special damages was sufficient to create a genuine issue of material fact. See generally *T & M Investments, Inc. v. Jackson*, 206 Ga. App. 218, 220 (4) (425 SE2d 300) (1992) (plaintiff's proffered evidence of special damages was sufficient when it "would permit the jury to calculate the amount of the loss with a reasonable degree of certainty").

4

While Duckworth argued below that the trial court must construe Thomas's testimony against T & T, pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), we find this argument unpersuasive.

> Generally speaking, in an appeal from the award of summary judgment, we view the evidence in the light most favorable to the party opposing summary judgment. But as our Supreme Court explained in *Prophecy*, when a party has given contradictory testimony, and when that party relies exclusively on that testimony in opposition to summary judgment, a court must construe the contradictory testimony against him. In such a case, the court must disregard the favorable portions of the contradictory testimony and then decide whether the remaining evidence is sufficient to get by summary judgment. For purposes of the *Prophecy* rule, testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony.

*Bradley v. Winn-Dixie Stores, Inc.*, 314 Ga. App. 556, 557-558 (724 SE2d 855) (2012) (citations and punctuation omitted). Thomas did not testify in his deposition that he did not know the value of the vehicle when the collision occurred, or that the value of the vehicle was some amount other than $14,425. Instead, he responded, when asked if he knew the vehicle's value at the time of the collision: "Not offhand, I wouldn't know." Thomas did not contradict his earlier testimony that he did not know the value of the vehicle at the time of the accident "offhand," by later being

5

able to provide the value. See id. We cannot say that "one part of [Thomas's] testimony asserts or expresses the opposite of another part of [his] testimony." *Prophecy*, supra at 30 (2) (footnote omitted). Because Thomas's statements were not necessarily inconsistent, *Prophecy* is inapplicable. See *Greeley v. A. G. Spanos Co.*, 223 Ga. App. 783, 784 (n.2) (479 SE2d 23) (1996) (when statements are not necessarily inconsistent, "*Prophecy* is inapplicable, and a jury should decide how to interpret and weigh the statements.").

By putting forth Thomas's averment regarding the value of the vehicle, along with repair orders and the bills for the rental vehicle, T & T proffered evidence of its special damages. While Duckworth may dispute the damages, the dispute is an issue for the jury. As such, we reverse the trial court's grant of summary judgment. See generally *Lang v. Becham*, 243 Ga. App. 132, 133-134 (530 SE2d 746) (2000) (when plaintiff submitted affidavit which presented evidence of a genuine issue of material fact, trial court erred in granting summary judgment); compare *Canal Ins. Co.*, supra at 517 (1) (when plaintiff failed to put forth evidence showing the market value of plaintiff's vehicle immediately before the collision, plaintiff failed to carry its burden and the trial court did not err in directing a verdict for the defendant).

*Judgment Reversed. Dillard, P. J., and Pinson, J., concur*.